Joseph **MILLER,** Plaintiff,

v.

Laura **COYHIS,** Arnold E. **Tousey,** William **Moede,** Harvey **Martin** and Gordon **Burr,** Defendants.

No. 94–C–1127.

United States District Court, E.D. Wisconsin.

Jan. 30, 1995.

---

Crooks, Low & Connell by James B. Connell, Wausau, WI, for plaintiff.

Faegre & Benson by Elizabeth Schmiesing, Jerry W. Snider, Ann Marie Hanrahan, Richard A. Duncan, Randall E. Kahnke, Minneapolis, MN (Michael, Best & Friedrich by John A. Busch, Milwaukee, WI, of counsel), for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On October 11, 1994, the plaintiff, Joseph Miller, commenced this action in which he alleges that the defendants, Laura Coyhis,

Arnold Tousey, William Moede, Harvey Martin, and Gordon Burr, deprived him of his First Amendment right to free speech in violation of 42 U.S.C. § 1983, wrongfully terminated his employment and committed an assault and battery upon him.

The defendants have filed a motion to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure. The defendants' motion will be granted to the extent that it seeks dismissal for lack of subject matter jurisdiction; the portion of the defendants' motion seeking dismissal for failure to state a claim upon which relief can be granted will be dismissed, as moot.

## I. BACKGROUND

### A. Law

In analyzing a motion to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure, the court must accept all well-pleaded factual allegations as true and must draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993). However, "argumentative inferences favorable to the pleader will not be drawn." 5 Wright & Miller, *Federal Practice and Procedure* § 1350 at 551 (1969). In addition, the court is permitted to "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co.*, 999 F.2d at 191 (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

### B. Facts

Mindful of the standard enunciated above, the underlying facts are as follows: At all relevant times, defendants Ms. Coyhis, Mr. Tousey, Mr. Moede and Mr. Martin were members of the duly elected and federally recognized seven-member Tribal Council ["council"] of the Stockbridge–Munsee Community Band of Mohican Indians ["Community"]. Ms. Coyhis was the tribal chairperson. Mr. Burr was the duly appointed tribal administrator for the Community.

Mr. Miller was employed by the Community as its police chief and by Shawano county as a sheriff's deputy. His dual law enforcement activities were authorized through a cooperative tribal-county law enforcement agreement between the Community and Shawano county under Wis.Stat. § 165.90.

The events underlying the plaintiff's complaint are tangentially related to a dispute among tribal council members concerning the operation of the council; this dispute has spawned two other federal lawsuits in the eastern district of Wisconsin: *Davids v. Coyhis, et al.*, case number 94–C–689, and *Stockbridge–Munsee Community Band of Mohican Indians v. Miller, et al.*, case number 94–C–709. Both of these lawsuits have been assigned to Judge J.P. Stadtmueller. The claims advanced in these previously filed lawsuits arose out of political unrest in the Community which is relevant to the instant action. Earlier this year, Ms. Coyhis, Mr. Moede, Mr. Tousey and Mr. Martin formed a voting majority [the "Coyhis majority"] and took council action without the cooperation or approval of the remaining three members. The three dissident council members and their supporters within the tribe refuse to recognize the authority of the majority led by Ms. Coyhis.

The present lawsuit arises out of an incident which began on May 25, 1994. On that date, Mr. Miller was dispatched by the Shawano county sheriff's department to the Community tribal headquarters in response to a disturbance. This dispute involved members of the dissident faction of the tribe and Ms. Coyhis and Mr. Tousey. Upon arriving at the tribal headquarters, Mr. Miller asked Ms. Coyhis and Mr. Tousey to leave the premises. They refused to leave and instead, Ms. Coyhis, in her capacity as Mr. Miller's supervisor, instructed Mr. Miller to leave the headquarters. Declining to follow her instruction, Mr. Miller attempted to escort Ms. Coyhis out of the building. Mr. Tousey then tried to defend Ms. Coyhis who was resisting Mr. Miller's direction.

As a result of the incident, Mr. Miller arrested Ms. Coyhis and Mr. Tousey. Mr. Miller allegedly suffered an injury to his back and claims that he was assaulted and battered by Ms. Coyhis and Mr. Tousey.

On May 26, 1994, Resolution No. 0016A was passed by a quorum of the tribal council consisting solely of the Coyhis majority. Resolution No. 0016A amended the tribal personnel policies and procedures with regard to actions warranting termination. Specifically, it added the following activities to the list of infractions warranting involuntary termination:

    n.   failure of a Tribal employee to comply with a direct order of the President of the Council.

    o.   failure of a Tribal employee to permit any member of the Tribal Council access to any Tribal property for purposes of fulfilling their duties as an officer of the Tribe.

    p.   withholding from any member of the Tribal Council access to any Tribal documents, files records or funds of whatever kind.

    q.   assault by any Tribal employee of any other tribal employee or Tribal Council member.

    r.   interference by a Tribal employee with any tribal Council member engaged in performance of official duties of whatever kind.

(Miller Aff.Ex. 4, pp. 11–12.) Resolution No. 0016A also provided that the amendment would be applied retroactively. (Miller Aff. Ex. 4, p. 12.) On May 26, 1994, Resolution No. 0017A was also passed by a quorum of the tribal council which consisted solely of the Coyhis majority. This resolution terminated Mr. Miller's employment as the Community police chief for violation of the tribal personnel policies and procedures. Specifically, it was resolved that Mr. Miller had violated subsections "n" through "r" of the tribal personnel policies and procedures. (Resolution No. 0017A, Duncan Aff.Ex. 3; Miller Aff.Ex. 4, p. 32.)

Mr. Miller was advised of his termination by Mr. Burr, acting tribal administrator and personnel manager, on May 27, 1994. (Mil-ler Aff.Ex. 6.) On June 22, 1994, a grievance hearing was conducted by the tribal council at Mr. Miller's request and according to tribal policy and procedure. (Complaint ¶ 12.) All seven members of the tribal council attended the grievance hearing. At the conclusion of the hearing, the tribal council voted four to three to uphold the termination of Mr. Miller. (Duncan Aff.Ex. 4, pp 41–43.)

## II. ANALYSIS

The defendants argue that the plaintiff's claims must be dismissed for lack of subject matter jurisdiction because the claims against them are barred by the doctrine of tribal sovereign immunity. In the alternative, the defendants maintain that subject matter jurisdiction over this action is absent because it is one seeking the adjudication of the merits of an intratribal dispute.

The plaintiff asserts that this court has original subject matter jurisdiction over his action under 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 1983. If this court has federal subject matter jurisdiction over the plaintiff's asserted civil rights claim, then, pursuant to 28 U.S.C. § 1367(a), it may exercise supplemental jurisdiction over the plaintiff's state law claims for wrongful discharge and assault and battery. Because the court's supplemental jurisdiction over the state law claims depends upon a preliminary finding that this court has original jurisdiction, I will first address the defendants' contention that the plaintiff's federal claim is barred by the doctrine of sovereign immunity.

■■■ The plaintiffs concede that the Community, as an Indian tribe, possesses "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). Moreover, the plaintiffs do not challenge the proposition that tribal officials are also immune from suit when they act within their official capacity and within the scope of their authority. *See Santa Clara Pueblo*, 436 U.S. at 59, 98 S.Ct. at 1677 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *Imperial Granite Co. v. Pala Band of Indians*, 940 F.2d 1269, 1271 (9th Cir.1991). Nevertheless, the plaintiffs argue

that their action is not barred by tribal sovereign immunity for three alternative reasons: (1) tribal sovereign immunity does not apply where there is no available tribal forum for resolution of a dispute; (2) the Community has waived its sovereign immunity by engaging in activities authorized by the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701–2721 ["IGRA"]; or (3) tribal sovereign immunity does not extend to the named defendants because the challenged actions allegedly taken by the defendants were outside the scope of their official capacity and their legal authority.

### A. Extension of the Doctrine of Sovereign Immunity to Defendants

■ The defendants maintain that the federal claim asserted against them is barred by the doctrine of sovereign immunity because it is, in fact, a claim against the Community itself. According to the complaint and the arguments made by counsel in their respective briefs, the only action taken by the four tribal council members which gives rise to the plaintiff's claim that his termination violated his first amendment rights was to draft resolutions and vote as members of the Community's governing body. The activity of the tribal administrator—Mr. Burr—was limited merely to informing Mr. Miller of the tribal council's actions. Without more, I am unable to view the suit against the officials or against Mr. Burr as anything other than a suit against the Community. This is so because the actions of the four tribal members individually and the action of Mr. Burr had no independent legal effect; rather, it was the official action of the Community—termination of Mr. Miller—that caused Mr. Miller's alleged injury. See Imperial Granite Co., 940 F.2d at 1271 (action could only be viewed as a suit against the tribe as opposed to the individual tribal officials where the complaint failed to allege individual actions by any of the tribal officials named as defendants; the only action taken by those officials was to vote as members of the tribe's governing body). Because I have concluded that the doctrine of tribal sovereign immunity applies in this case as the action is essentially one against the Community, I need not determine whether the actions of the individual plaintiffs were within the scope of his or her authority. See Imperial Granite Co., 940 F.2d at 1271 (a tribe's immunity is not defeated by an allegation that it acted beyond its powers) (citing Chemehuevi Indian Tribe v. California State Board of Equalization, 757 F.2d 1047, 1052 (9th Cir.), rev'd on other grounds, 474 U.S. 9, 106 S.Ct. 289, 88 L.Ed.2d 9 (1985)).

### B. Dry Creek Lodge Exception to Applicability of Sovereign Immunity

■ Notwithstanding the above conclusion, the plaintiff suggests that the doctrine of tribal sovereign immunity does not apply in situations where, as here, there is no forum available to the plaintiff for resolution of a dispute. In support for this proposition, the plaintiff points to Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes, 623 F.2d 682 (10th Cir.1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981). There, the court of appeals for the tenth circuit announced a narrow exception to the general rule that Indian tribes are barred from suit in federal court under the doctrine of sovereign immunity. See White v. Pueblo of San Juan, 728 F.2d 1307, 1313 (10th Cir. 1984) (Dry Creek decision ought to be interpreted to provide a narrow exception to the traditional sovereign immunity bar from suits against Indian tribes in federal court.).

Dry Creek Lodge involved non-Indians who owned land in fee simple within the boundaries of the Shoshone and Arapahoe Indians' Wind River Reservation. The plaintiffs proposed to build a lodge within the Reservation and were assured by the superintendent of the Reservation that access to the lodge would not be a problem. After the lodge was constructed, the tribes blocked the only road to the highway. The plaintiffs attempted to pursue a remedy in the tribal forum but were denied access.

A majority of the panel in Dry Creek Lodge concluded that an exception to tribal sovereign immunity exists where the dispute does not concern internal tribal issues, plaintiff is a non-Indian and tribal remedies, such as access to tribal machinery and participation in the election of tribal officials, are

unavailable. *Dry Creek Lodge, Inc.*, 623 F.2d at 684–85. In my opinion, the facts of the instant action do not fit within the narrow exception outlined in *Dry Creek Lodge.*

Unlike the situation in *Dry Creek Lodge,* the federal claims advanced by Mr. Miller, an Indian, concern tribal matters—his termination by the Community from his position as the Community police chief. In addition, Mr. Miller had access to the grievance procedure of the tribal council and is able to participate in the election of tribal members. Thus, even if I were to conclude that the exception outlined in *Dry Creek Lodge* is consistent with the holding of the United States Supreme Court in *Santa Clara,* the particular facts presently before the court are not consonant with that exception.

### C. Waiver of Sovereign Immunity

■ A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. at 1677 (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969))). Moreover, a tribe's consent to suit "must be strictly construed and applied." *Namekagon Development Co. v. Bois Forte Reservation Housing Authority,* 517 F.2d 508, 509 (8th Cir.1975).

■ The plaintiff argues that the Community has waived its sovereign immunity to suits under 42 U.S.C. § 1983 through engaging in gaming activity under IGRA, 25 U.S.C. §§ 2701–2721. The inherent flaw in the plaintiff's theory is that the plaintiff's complaint alleges violations of 42 U.S.C. § 1983, not IGRA, as the sole basis for his federal claim against the defendants based on his termination. By the plaintiff's own admission, a waiver of the Community's sovereign immunity under IGRA would relate only to actions against the Community concerning its *gaming* activities. (Plaintiff's Memorandum in Opposition to Motion to Dismiss at 9.) The plaintiff's complaint is devoid of any allegations that the challenged conduct of the defendants involved gaming activities or violated the provisions of IGRA in any manner.

The plaintiff presents no authority which holds that by engaging in the gaming regulated by IGRA, tribes waive their sovereign immunity with regard to claims under 42 U.S.C. § 1983. Nor does the plaintiff argue that a waiver of tribal sovereign immunity is unequivocally expressed in 42 U.S.C. § 1983. Hence, the plaintiff's contention that the defendants have waived their sovereign immunity to suits under 42 U.S.C. § 1983 by engaging in gaming activity regulated by IGRA is without merit.

■ In the alternative, the plaintiff contends that by participating in the county-tribal law enforcement program under Wis. Stat. § 165.90, the tribe has waived its tribal sovereign immunity to suits of the kind advanced by the plaintiff. Such contention is equally unavailing. Wis.Stat. § 165.92(3)(b) requires a waiver of tribal sovereign immunity only "to the extent necessary to allow the enforcement in the courts of this state of its liability under par. (a)." Paragraph (a) of Wis.Stat. § 165.92(3) (with emphasis added) provides that "a tribe that employs a tribal law enforcement officer is liable for all *acts of the officer* while acting within the scope of his or her employment. . . ." Even construing the complaint liberally, I find that the plaintiff's claims against the defendants do not involve a claim that the Community is liable for damages caused by the actions of the *plaintiff* while participating in law enforcement activity. Accordingly, the waiver provision of Wis.Stat. § 165.92 does not lift the sovereign immunity bar against the plaintiff's claims under 42 U.S.C. § 1983.

### III. CONCLUSION

■ In sum, the plaintiff's federal claim against the defendants under 42 U.S.C. § 1983 is barred by the doctrine of tribal sovereign immunity because it is a claim against the Community. Neither the exception recognized by the court of appeals for the tenth circuit nor the doctrine of waiver operates in this case to lift the tribal sovereign immunity bar to suits in federal court. Thus, this court lacks federal subject matter jurisdiction over the plaintiff's action. In view of this conclusion, I need not address the defendants' alternative argument that

subject matter jurisdiction is absent insofar as the action is one seeking adjudication of the merits of an intratribal dispute.

Because I have determined that federal subject matter jurisdiction is absent, I must also conclude that this court lacks supplemental jurisdiction over the plaintiff's state law wrongful termination and assault and battery claims. *See* 28 U.S.C. § 1367(a). Accordingly, the portion of the defendants' motion seeking dismissal of the plaintiff's action for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, will be granted. The portion of the defendants' motion seeking dismissal of the plaintiff's action for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure, will be dismissed, as moot.

### ORDER

Therefore, IT IS ORDERED that the portion of the defendants' motion seeking dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that the portion of the defendants' motion seeking dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure, be and hereby is dismissed, as moot.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with costs and with prejudice.