John D. LaFaver Secretary of Revenue Kansas Department of Revenue 915 S.W. Harrison Street Topeka, Kansas 66612-1588
Dear Secretary LaFaver:
You request our opinion regarding your authority to enforce the motor-vehicle fuel tax on sales to retailers located on federally recognized Indian reservations located in this state. You note the new language in section five of chapter 242 of the 1995 session laws (senate bill no. 88) clarifying that the legislature does not consider the tribes to be agencies of the United States for purposes of the exemption from motor-vehicle fuel taxes in subsection (d)(2) of K.S.A. 1994 Supp. 79-3408, as amended by L. 1995, ch. 242, sec. 5 and ch. 262, sec. 30, but question the state's ability to impose taxes on fuels delivered to the reservations in light of the United States Supreme Court's recent decision in Oklahoma Tax Commission v. Chickasaw Nation, 1995 WL 352834 (U.S.Okla. June 14, 1995).
In 1989 Attorney General Robert T. Stephan was asked to opine on the ability of the state to require tribal retailers to collect and remit certain excise taxes. The Attorney General concluded that "Indian retailers operating on federally recognized reservations selling products which have been imported for sale are subject to the `collect and remit' requirements of the State's retailers' sales tax and cigarette tax acts when the legal incidence of the tax falls on non-Indian purchasers." Attorney General Opinion No. 89-115. This opinion was based on several United States Supreme Court decisions dealing specifically with states' authority to impose collection and similar requirements on Indian retailers. See Moe v. Salish and Kootenai Tribes,425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976); Washington v.Confederated Tribes of the Colville Indian Reservation,447 U.S. 134, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980); California State Boardof Equalization v. Chemehuevi Indian Tribe, 474 U.S. 9,106 S.Ct. 289, 88 L.Ed.2d 9, reh'g denied, 474 U.S. 1077, 106 S.Ct. 839,88 L.Ed.2d 810 (1985). You now inquire whether the state may tax the sale, use or delivery of motor-vehicle fuels when such fuels are destined for resale by a tribe or tribal members within the borders of a federally recognized reservation.
In Oklahoma Tax Commission v. Chickasaw Nation, supra, the Court made clear that the test for determining the state's authority to tax motor-vehicle fuels sold by an Indian tribe's retail stores on reservation or tribal trust land is the same as the test used in the above-cited cases for determining the state's authority to impose collect and remit requirements; absent clear congressional authorization to the contrary, if the legal incidence of the tax falls on the tribe or its members, the state is without authority to tax sales made on the reservation. If, however, the legal incidence of the tax rests on non-tribal members, the state may impose the tax and require the tribe to perform functions to assist in collection of the tax if such functions place only minimal burdens on the tribe. Thus, the initial inquiry is where the legal incidence of the tax lies. The Court, after determining that the Oklahoma legislation did not expressly identify who the legal incidence of the tax attaches to, and upon applying a "fair interpretation of the taxing statute as written and applied," found that the legal incidence of Oklahoma's motor-vehicle fuel tax fell on the retailer rather than the distributor or ultimate consumer, and therefore held that Oklahoma could not impose its tax on sales made by the tribe or its members on reservation or trust land.
While the Kansas motor-vehicle fuel tax statutes and the Oklahoma statutes under consideration in Oklahoma Tax Commission v.Chickasaw Nation contain many similarities, they differ in some very significant respects. Kansas law requires every distributor, importer, exporter, manufacturer and retailer to be licensed and to file reports detailing receipt of motor-vehicle fuels for use, sale or delivery in this state. K.S.A. 1994 Supp. 79-3403, as amended by L. 1995, ch. 262, sec. 26; 79-3410, as amended by L. 1995, ch. 262, sec. 32. However, only distributors, manufacturers and importers are required to remit a tax for such use, sale or delivery. K.S.A 1994 Supp. 79-3408, as amended; 79-3410, as amended. Only distributors, manufacturers, importers and exporters are required to be bonded to secure payment of motor-vehicle fuel taxes. K.S.A. 1994 Supp. 79-3403, as amended; 79-3405, as amended by L. 1995, ch. 262, sec. 27. Unlike the Oklahoma statutes, distributors, manufacturers and importers in Kansas are not relieved from any portion of the tax merely because they are unable to collect from the retailer. See Okla. Stat., Tit. 68, sec. 505(C). Distributors are authorized to pass an amount equal to the tax on as part of their selling price (K.S.A. 1994 Supp. 79-3409) but are not required to do so (compare K.S.A 1994 Supp. 79-3604) and remain liable as the taxpayer whether or not an amount equal to the tax is passed on. K.S.A. 1994 Supp.79-3410(b) and (c), as amended. If the distributor, manufacturer or importer fails to timely pay the tax to the state, a penalty and interest is imposed. Id. If the distributor, manufacturer or importer defaults on the obligation to pay such taxes, the state may levy execution against such person's property. K.S.A.79-3412, as amended by L. 1995, ch. 262, sec. 34. A lien may attach to that person's property for failure or refusal to pay. K.S.A. 79-3413. In addition, the distributor, manufacturer or importer is subject to criminal prosecution and/or a civil penalty for failure to pay the tax. L. 1995, ch. 262, sec. 11. By contrast, Oklahoma statutes specifically make the distributor an agent of the state for purposes of "collecting" the motor fuel tax from retailers on the state's behalf. Okla. Stat., Tit. 68, sec. 506. In Oklahoma, the distributor collects the tax as agent for the state, holds the tax money in trust for the state, and pays it over at prescribed intervals. The distributor in Oklahoma is compensated for this service. Id. The only "penalty" for failure to remit motor-vehicle fuel taxes is a provision making it unlawful for the distributor to sell motor-vehicle fuels pending the delinquency. Okla. Stat., Tit. 68, sec. 505(C). Because of these vast differences, it is our opinion that, unlike the Oklahoma statutes at issue in Oklahoma Tax Commission v. ChickasawNation, the legal incidence of the motor-vehicle fuel tax imposed by K.S.A. 1994 Supp. 79-3408, as amended, falls on the distributor, manufacturer or importer and not the retailer. Therefore, the state may levy and collect such tax even when the motor-vehicle fuels are destined for sale at retail by a tribe or tribal member doing business on a reservation.
On the other hand, the legal incidence of the additional tax [seeFleming Co. v. McDonald, 212 Kan. 11, 17 (1973)] imposed by K.S.A. 1994 Supp. 79-3408c, as amended by L. 1995, ch. 262, sec. 31, appears to fall on the retailer as well as the distributor. K.S.A. 79-3411, as amended, and 79-3412, as amended, are applicable to retailers insofar as they fail or refuse to pay this additional tax. K.S.A. 1994 Supp. 79-3408c, as amended. Thus, the state may not impose this tax on motor-vehicle fuels in the possession of tribal retailers.
In conclusion, because the legal incidence of the motor-vehicle fuel tax imposed by K.S.A. 1994 Supp. 79-3408, as amended by L. 1995, ch. 262, sec. 30, falls on the distributor, importer or manufacturer, sales to Indian tribes or their tribal members for sale at retail on the reservation are not required to be exempt from taxation. However, to the extent the legal incidence of the additional tax imposed by K.S.A. 1994 Supp. 79-3408c falls on a tribe or tribal member retailers, such additional tax may not be so levied.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm