Gordon B. SAUCERMAN; Joe Benjamin; Sharron Benjamin; Cleo Freeman, Plaintiffs—Appellants,

v.

Gale NORTON, Secretary of the Interior; Kevin Gover, Assistant Secretary for Indian Affairs; Eluid Martinez, Commissioner of Reclamation; Wayne Nordwall, Phoenix Area Director for Bureau of Indian Affairs; Janet Wong, Staff Solicitor; Wayne Sumatzkuku, Bureau of Indian Affairs Realty Specialist; William Titchywy, Allen Anspach; Chemehuevi Tribal Council; Robert Moeller; Edward Smith; David Chavez;; Chemehuevi Tribal Council; David Chavez; Edward Smith; Robert Moeller, Defendants—Appellees.

No. 01–17009.

D.C. No. CV–01–00182–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2002.[*]

Decided Nov. 19, 2002.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before McKEOWN and PAEZ, Circuit Judges, and POLLAK,** Senior District Judge.

MEMORANDUM ***

Appellants Gordon B. Saucerman, Joe Benjamin, Sharron Benjamin, and Cleo Freeman (collectively the "former permit-

tees"), former occupants of cabins on the western shore of Lake Havasu in California (the "shoreline area"), filed this action against the Chemehuevi Tribal Council, Chemehuevi tribal officials, and various federal government officials after tribal officials acted to enforce a self-help eviction ordinance. The complaint, alleging violations of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701–706, a taking of property in violation of the Fifth and Fourteenth Amendments, and constitutional violations under 42 U.S.C. §§ 1983 and 1985, was dismissed for lack of subject matter jurisdiction. We affirm.

Congress established the Quiet Title Act of 1972 as the exclusive means to adjudicate a disputed title to real property in which the United States claims an interest. 28 U.S.C. § 2409a. The Act expressly reserves sovereign immunity in disputes involving property held in trust for Indian tribes. *See id.* at § 2409a(a); *United States v. Mottaz,* 476 U.S. 834, 843, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986).

■ The former permittees contend that the Quiet Title Act is not applicable because this is not a title dispute. Their argument is precluded by our decision in *Metropolitan Water District of Southern California v. United States,* 830 F.2d 139, 143 (9th Cir.1987), *aff'd,* 490 U.S. 920, 109 S.Ct. 2273, 104 L.Ed.2d 981 (1989) (holding that the Quiet Title Act displaces APA review of administrative decisions affecting title to land in which the United States claims an interest based on the land's status as trust or restricted Indian land). Because "the effect of a successful challenge would be to quiet title in others than the tribe," the former permittees may not

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

avoid the Indian lands exception to the Quiet Title Act. *Id.*

■ Preservation of immunity under the Indian lands exception to the Act applies as long as the government has a "colorable claim" regarding its title as trustee to the land at issue. *Wildman v. United States,* 827 F.2d 1306, 1309 (9th Cir.1987). This burden has been met. *See, e.g.,* Authority of Secretary to Determine Equitable Title to Indian Lands, 11 Op. Solic.2071, 2071 (Aug. 15, 1974) (recognizing that the "Chemehuevi Reservation was established in 1907" and concluding that Secretary of the Interior has authority to grant equitable title of disputed lands to Chemehuevi tribe); Act of July 8, 1940, 54 Stat. 744 (authorizing Secretary of Interior to designate Chemehuevi Reservation lands for construction of Parker Dam); *see also Chemehuevi Indian Tribe v. California State Bd. of Equalization,* 757 F.2d 1047, 1050 (9th Cir.), *rev'd on other grounds,* 474 U.S. 9, 106 S.Ct. 289, 88 L.Ed.2d 9 (1985) ("Since time immemorial, the Chemehuevi Indian Tribe has resided in the Chemehuevi Valley ... in the area that is now part of the Chemehuevi Indian Reservation."). Therefore, the district court properly dismissed the former permittees' APA claims.

Although referenced in passing, the former permittees did not offer in their opening brief any arguments specifically directed toward the takings claim and thus we decline to address it. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.") (citations omitted).

The remaining claims allege violations of 42 U.S.C. §§ 1983 and 1985 by both tribal and federal officials. Indian tribes are generally immune from suit in federal court unless they or Congress have waived their immunity. *See United States v. Oregon,* 657 F.2d 1009, 1012–13 (9th Cir.1981). No such waiver is present in this case, and this immunity extends to tribal officials acting in their official capacity within their scope of authority, as alleged in the complaint here. *See Imperial Granite Co. v. Pala Band of Mission Indians,* 940 F.2d 1269, 1271 (9th Cir.1991); *Oregon,* 657 F.2d at 1012 n. 8. The remaining claims against the tribal officials were therefore appropriately dismissed.

It was also proper to dismiss the remaining claims against the federal officials. It is well established that the United States is immune from suit absent its express consent. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) ("A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.") (internal quotations and citation omitted). This immunity cannot be avoided by simply naming federal officers and employees as defendants. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). By their terms, §§ 1983 and 1985 contain no explicit waiver of sovereign immunity by the federal government. *See* 42 U.S.C. §§ 1983 and 1985.

AFFIRMED.