Gordon B. SAUCERMAN; Joe Benjamin; Sharron Benjamin; Cleo Freeman; Does, 1–50, Inclusive, Plaintiffs—Appellants,

v.

Gale NORTON, Secretary of the Interior; Kevin Gover, Assistant Secretary for Indian Affairs, in his official and individual capacity; Eluid Martinez, Commissioner of Reclamation, in his official and individual capacity; Wayne Nordwall, Phoenix Area Director for Bureau of Indian Affairs, in his official and individual capacity; Janet Wong, Staff Solicitor, Phoenix Office, Bureau of Indian Affairs, in her official and individual capacity; Wayne Sumatzkuku, Bureau of Indian Affairs Realty Specialist, in his

42

official and individual capacity; William Titchywy, Bureau of Indian Affairs Western Regional Director, in his official and individual capacity; Allen Anspach, Bureau of Indian Affairs Park Superintendent, in his official and individual capacity; Chemehuevi Tribal Council; Robert Moeller, Tribal Court Judge, in his official and individual capacity; Edward Smith, Chemehuevi Tribal Chairman, in his official and individual capacity aka Tito Smith; David Chavez, Vice Chairman of the Chemehuevi Indian Tribe, in his official and individual capacity; Does, 1–20, Inclusive, Defendants—Appellees.

No. 03–16717.
D.C. No. CV–01–00182–SRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 2005.

Decided June 2, 2005.

Crystal D. Sluyter, Law Office of Crystal D. Sluyter, Cortez, CO, Robert Alexander Morgan, Esq., Phoenix, AZ, for Plaintiffs–Appellants.

Arthur G. Garcia, Office of the U.S. Attorney, Phoenix, AZ, Lester J. Marston, Esq., Rapport & Marston, Ukiah, CA, for Defendants–Appellees.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

After this Court affirmed the district court's dismissal of Saucerman's and fellow cabin permittees' ("Former Permittees") Administrative Procedures Act claims, takings claims, and 42 U.S.C. §§ 1983 and 1985 claims in 2002 for lack of subject matter jurisdiction (*Saucerman v. Norton*, No. 01–17009, 51 Fed. Appx. 241 (9th Cir. Nov.5, 2002)), the tribal defendants filed a motion for attorneys' fees in district court. Former Permittees failed to respond to the motion for attorneys' fees. The district court granted the motion for attorneys' fees based on District of Arizona Local Rule 1.10(i) (2003), which allows the district court to grant a motion summarily when the opposing party fails to respond. The district court then denied Former Permittees' motion for rehearing.

The district court did not abuse its discretion in granting the motion for attorneys' fees based on Local Rule 1.10(i). A district court is granted broad discretion to interpret and apply its own local rules. *Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n. 2 (9th Cir.1999). The district court also did not abuse its discretion in denying the motion for rehearing based on either Federal Rule of Civil Procedure 59 or 60. Under Rule 59, the order granting attorneys' fees did not create a manifest injustice because Former Permittees could have raised their concerns over the civil jurisdiction of the tribe in a response to the motion for attorneys' fees. The order granting attorneys' fees also was not clear error, as the order was not based on the district court's inherent authority to sanction, which would require a showing of bad faith. Rather, the order was the result of the application of Local Rule 1.10(i), which was within the broad discretion of the district court. Former Permittees also fail to demonstrate that their purported ethical dilemma and interpretation of Local Rules 1.10(i) and 2.20(b)(3) amounted to excusable neglect under Rule 60.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

