**IMPERIAL GRANITE COMPANY,**
Plaintiff-Appellant,

v.

**PALA BAND OF MISSION INDIANS;** Patricia Nelson; Robert A. Smith; Deborah Smith; Lorreta Lipton; Jane Blackman; Henry Smith, and against all other persons similarly situated, Defendants-Appellees.

No. 90-55794.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1991.

Decided Aug. 1, 1991.

---

Charles C. Renshaw, Escondido, Cal., for plaintiff-appellant.

George Forman, Alexander & Karshmer, Berkeley, Cal., for defendants-appellees.

Before FLETCHER and CANBY, Circuit Judges, and REED,* District Judge.

CANBY, Circuit Judge:

Imperial Granite Company brought this action against the Pala Band of Mission Indians, certain of its officers, and all members of the tribe. Imperial alleged that it was the lessee of a tract of fee property surrounded by the Band's reservation, and that in about 1933 the government had built a road to the tract that crossed a portion of the reservation. Imperial's lessors had used the road as the only access to their land and, after Imperial leased the property, it used the road as the only access to its quarry. In 1987, the Band denied further access to the road, and denied Imperial's request for an easement.[1] Imperial then filed this lawsuit, alleging that the Band's action violated Imperial's rights under the Constitution, the Indian Civil

---

* The Honorable Edward C. Reed, Chief Judge, United States District Judge for the District of Nevada, sitting by designation.

1. The road also crossed privately-owned ranch land, and the ranch owner also denied Imperial use of the road. Imperial has sued the ranch and the Band in state court, but does not include the ranch as a defendant in this action.

Rights Act, and state law regarding trespass and nuisance.

The district court dismissed the complaint on the grounds of lack of subject matter jurisdiction and the defendants' immunity from suit. Because we agree that the defendants are immune from suit, we affirm the judgment. Our decision makes it unnecessary for us to address, other than peripherally, the question of subject matter jurisdiction.

## I

It is absolutely clear that the Pala Band, as an Indian tribe, possesses "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). The immunity extends to suits for declaratory and injunctive relief. *See id.* at 59, 98 S.Ct. at 1677. The tribe's immunity is not defeated by an allegation that it acted beyond its powers. *Chemehuevi Indian Tribe v. California State Bd. of Equalization*, 757 F.2d 1047, 1052 (9th Cir.), *rev'd on other grounds*, 474 U.S. 9, 106 S.Ct. 289, 88 L.Ed.2d 9 (1985). The district court was consequently quite correct in concluding that the Band is immune from suit.

## II

Imperial points out, however, that tribal officials are not necessarily immune from suit. *Santa Clara Pueblo*, 436 U.S. at 59, 98 S.Ct. at 1677. When such officials act beyond their authority, they lose their entitlement to the immunity of the sovereign. *Id.* at 59, 98 S.Ct. at 1677 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *Chemehuevi Indian Tribe*, 757 F.2d at 1052.

On the other hand, when tribal officials act in their official capacity and within the scope of their authority, they are immune. *United States v. Oregon*, 657 F.2d 1009, 1012 n. 8 (9th Cir.1981); *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1321 (9th Cir.1983), *cert. denied*, 467 U.S. 1214, 104 S.Ct. 2655, 81 L.Ed.2d 362 (1984). The defendants argue that Imperial has failed to allege any viable claim that the tribal officials acted outside their authority, so as to subject them to suit. We agree.

The complaint alleges no individual actions by any of the tribal officials named as defendants.[2] As far as we are informed in argument, the only action taken by those officials was to vote as members of the Band's governing body against permitting Imperial to use the road. Without more, it is difficult to view the suit against the officials as anything other than a suit against the Band. The votes individually have no legal effect; it is the official action of the Band, following the votes, that caused Imperial's alleged injury.

Even if the complaint is liberally construed to allege that the tribal officials themselves "blocked" the road, Imperial's claim that they exceeded their authority fails. There is no allegation that closing the road to Imperial exceeded the officials' authority granted by the Band; quite the contrary, the Band clearly authorized the closure. Imperial does allege that the blocking of the road constitutes a "taking" of its property in violation of the due process and equal protection clauses of the Constitution and the Indian Civil Rights Act, 25 U.S.C. § 1302(5) and (8). These claims are fraught with substantive and jurisdictional problems of their own,[3] but we need not reach them. Imperial's com-

---

**2.** The complaint also purports to include as defendants all individual members of the Pala Band. No actions by any individual members are alleged, however, and it appears clear that, at most, the individual members were being sued simply because they constituted the tribe. Imperial does not offer any argument in support of its claim against the individual members.

**3.** The Constitution's limitations on federal and state action does not restrain Indian tribes. *Talton v. Mayes*, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896). The Indian Civil Rights Act does, but Congress has provided no private right of action to enforce the Act, other than habeas corpus. *Santa Clara*, 436 U.S. at 59–72, 98 S.Ct. at 1677–84; *R.J. Williams Co. v. Fort Belknap Housing Auth.*, 719 F.2d 979, 981 (9th Cir.1983), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

plaint fails to allege facts giving it any property right in the road at all. It follows that the defendant tribal officials acted within the proper scope of their authority in exercising jurisdiction over the road.

■ Imperial has not alleged that it or its lessor was granted any property right in the road. It alleges that the road was built with public funds, but that hardly differentiates it from any road on any Indian reservation (or military reservation, for that matter). As the complaint alleges, the portion of the road in control of the Pala Band lies on trust land, to which naked title is in the United States and beneficial ownership is in the Band. The whole purpose of trust land is to protect the land from unauthorized alienation; Imperial cannot acquire property rights in trust property by prescription.[4] *See United States v. Ahtanum Irrigation Dist.*, 236 F.2d 321, 334 (9th Cir.1956) (Indian Intercourse Act, 25 U.S.C. § 177, prohibiting alienation of Indian lands other than by treaty or convention, provides "special reason why the Indians' property may not be lost through adverse possession"), *cert. denied*, 352 U.S. 988, 77 S.Ct. 386, 1 L.Ed.2d 367 (1957); *United States v. Walker River Irrigation Dist.*, 104 F.2d 334 (9th Cir.1939) (Indian water rights not subject to loss under state law of appropriation). Nor can Imperial establish that it acquired an easement over the Band's trust lands by reason of necessity. *See United States v. Clarke*, 529 F.2d 984, 986 (9th Cir.1976). Even if the government may be viewed as having had an easement of necessity over the trust land, it never deeded that easement to Imperial's lessor,

and Imperial cannot now "ask this court to enlarge the scope of [the] patent." *Id.* at 987.

There is consequently no ground stated in the complaint for finding that the tribal official defendants acted beyond the scope of their lawful authority.[5] They share, therefore, the sovereign immunity of the Band. *United States v. Oregon*, 657 F.2d at 1012 n. 8. Because both the Band and the individual defendants are immune, the district court was correct in dismissing the action on the ground that "all of the defendants enjoy immunity from this suit."

### III

The judgment of the district court dismissing the action is AFFIRMED.[6]

---

**4.** There is another insuperable hurdle to Imperial's attempting to establish title to an easement in the road. The United States is an indispensable party to any suit brought to establish an interest in Indian trust land. *Minnesota v. United States*, 305 U.S. 382, 386, 59 S.Ct. 292, 294, 83 L.Ed. 235 (1939). While the United States has consented to be sued in actions to quiet title in most public lands, it has expressly excluded Indian trust lands from that waiver of immunity. 28 U.S.C. § 2409a(a). Inability to join the United States as an indispensable party must result in dismissal. *Carlson v. Tulalip Tribes*, 510 F.2d 1337, 1339 (9th Cir.1975).

**5.** The absence of any colorable claim that the tribe or its officials exceeded the scope of their proper jurisdiction is also fatal to the contention

of Imperial that it may seek to enjoin the action of the tribe and its officials under federal common law. Imperial relies on *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). There, the Supreme Court held that a case arose under federal law, for purposes of federal question jurisdiction, when the complaint alleged that a tribal court was exceeding limits placed on the power of the tribes by the federal common law. Here, Imperial has alleged no facts stating a colorable claim that the tribe's action in closing the road exceeded the tribe's powers under federal law, common or otherwise.

**6.** Appellees' request for attorneys' fees or other sanctions under Fed.R.App.P. 38 is denied.