87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. CORRIGAN, Plaintiff-Appellant,
v.
Sonny BARGALA; Harold Monteau, Defendants-Appellees.
 No. 95-36045.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. Corrigan appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action against Sonny Bargala[1], Chairman of the Muckleshoot Gaming Commission ("MGC"). Corrigan alleged violations of the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq., the Federal Privacy Act, 5 U.S.C. § 552a, and the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., arising out of his attempt to obtain employment at the Muckleshoot Indian Casino.[2] The district court dismissed Corrigan's action after determining that Bargala was entitled to sovereign immunity.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction, Reebok Int'l Ltd. v. Marnatech Enter., Inc., 970 F.2d 552, 554 (9th Cir.1992), and we affirm.
 
 
 4
 Corrigan contends that the district court should have converted Bargala's motion to dismiss to a motion for summary judgment because the district court considered matters outside of the pleadings. This contention lacks merit. On a motion to dismiss for lack of subject matter jurisdiction, a district court may consider matters outside the pleadings without converting the motion into one for summary judgment under Fed.R.Civ.P. 56. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989).
 
 
 5
 Corrigan also contends that the district court erred by holding that Bargala was entitled to sovereign immunity. This contention lacks merit. Here, there was no waiver of sovereign immunity by the Tribe or by Congress. See Burlington Northern R. Co. v. Blackfeet Tribe of Blackfeet Indian Reservation, 924 F.2d 899, 901 (9th Cir.1991) (holding that an Indian tribe may not be sued absent express waiver of immunity by tribe or abrogation of immunity by Congress), cert. denied, 505 U.S. 1212 (1992). Bargala, as Chairman of the MGC, is entitled to the sovereign immunity of the Muckleshoot Indian Tribe ("Tribe") so long as he acted in his official capacity and within his scope of authority.[3] See Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1271 (9th Cir.1991). Here, Corrigan applied for a license that was a necessary prerequisite to obtaining a job as a card dealer in the Tribe's casino. Corrigan failed to show how Bargala exceeded his scope of authority by requiring Corrigan to submit all of the documents required to complete an application for a license. See id. Accordingly, because Bargala shares the Tribe's immunity from suit, the district court did not err by dismissing this action for lack of subject matter jurisdiction. See id. at 1292.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Corrigan's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harold Monteau, the other named defendant and Chairman of the National Indian Gaming Commission, was never served with a complaint
 
 
 [2]
 Corrigan refused to provide certain financial information that was required to complete an application for a gaming license
 
 
 [3]
 The record indicates that the MGC is an official arm of the Tribe