133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN LAND DEVELOPMENT CORPORATION, Plaintiff-Appellant,
v.
Bruce BABBITT; Anita Vogt; Steve Tibbits; Goldie Stroup;
Interior Board of Indian Appeals, Defendants-Appellees.
 No. 96-15654.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided Jan. 6, 1998.
 
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 American Land Development Corporation ("ALDC") appeals the district court's dismissal of its action against Interior Secretary Bruce Babbitt, et al., for lack of an indispensable party, the Fort Mojave Indian Tribe ("the Tribe"). We hold that the district court did not abuse its discretion in deeming the Tribe an indispensable party whose sovereign immunity precludes its joinder.
 
 
 3
 Because the parties are familiar with the facts and the underlying dispute in this action, we do not-recite them here.
 
 
 4
 The district court properly concluded that, given ALDC's request to have the lease reinstated, any judgment in favor of ALDC would adversely affect the Tribe's interests and any relief obtained in the Tribe's absence would be inadequate. As a party to the lease, the Tribe has a legally protected interest in the outcome of the litigation. See McClendon v. United States, 885 F.2d 627, 633 (9th Cir.1989) ("Because the Tribe is a party to the lease agreement sought to be enforced, it is an indispensable party under Fed.R.Civ.P. 19.").
 
 
 5
 Nor can the United States adequately represent the Tribe. An analysis of the factors that determine whether an existing party can adequately represent an absent tribe's interest does not persuade us that the United States can do so here. Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir.1992) (quoting County of Fresno v. Andrus, 622 F.2d 436, 439 (9th Cir.1980)). The agencies involved have different opinions regarding whether ALDC waived its arbitration rights. Nor are the defendants capable of and willing to make the Tribe's arguments--such as in Heckman v. United States, 224 U.S. 413 (1912), where the United States initiated suit on behalf of a tribe and specifically undertook to represent its interests. The interests of the agencies here center on whether prior agency proceedings reached the right result or were conducted properly. These factors lead to the conclusion that the Tribe would add a necessary element to the proceedings that the present parties may neglect. Moreover, a disposition in the absence of the Tribe may expose ALDC and the defendants to a risk of inconsistent obligations if the Tribe were to sue later to adjudicate its rights. Therefore, the Tribe is a necessary party.
 
 
 6
 "If a party is deemed to be necessary, the court must then determine if the party can be joined." Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1458 (9th Cir.1994). Indian tribes, however, possess " 'common-law immunity from suit traditionally enjoyed by sovereign powers.' " Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1271 (9th Cir.1991) (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)). We hold that the Tribe did not waive its sovereign immunity for an action of this kind.
 
 
 7
 In Pan American Co. v. Sycuan Band of Mission Indians, 884 F.2d 416 (9th Cir.1989), we held that an arbitration clause in which a tribe subjected itself to the jurisdiction of the American Arbitration Association did not constitute an unequivocal expression of tribal consent to suit necessary to effect a waiver. Id. at 420. We rejected Pan Am's argument that to construe the arbitration clause as not waiving sovereign immunity would "merely be a trap for the unsuspecting" and leave it without any judicially enforceable remedies for the tribe's alleged breach of contract: "Indian sovereignty ... is not a discretionary principle subject to the vagaries of the commercial bargaining process or the equities of a given situation. Consent by implication, whatever its justification, still offends the clear mandate of Santa Clara Pueblo." Id. at 419 (citations omitted).
 
 
 8
 Although it is a much more difficult question, we hold that the Tribe did not waive its sovereign immunity in this lease. While the Tribe waived its sovereign immunity with respect to enforcement of an arbitration award, it did not with respect to whether it could be compelled to arbitrate. As fine as this distinction may be, these clauses do not constitute "an affirmative textual waiver in the terms of a contractual agreement." Id. at 419. In contrast, in Sokaogon Gaming Enterprise Co v. Tushie-Montgomery Associates, Inc., 86 F.3d 656, 659 (7th Cir.1996), the arbitration clause at issue contained, inter alia, an explicit waiver of sovereign immunity with respect to the agreement to arbitrate itself. Thus, the Tribe cannot be joined.
 
 
 9
 Only if the absent party is necessary and cannot be joined must the court determine whether the case should be dismissed under Fed.R.Civ.P. 19(b). Makah Indian Tribe v. Verity, 910 F.2d 555, 559 (9th Cir.1990). Applying the four-part test of Quileute, 18 F.3d at 1460, we conclude that the Tribe is an indispensable party.
 
 
 10
 First, the Tribe would be prejudiced if this case proceeded in its absence. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir.1975). The Tribe would be affected by a determination in this action because ALDC seeks reinstatement of the lease, which the Tribe has canceled. ALDC's argument that the Tribe will suffer no prejudice because adjudication of the administrative proceedings will not affect the Tribe is unconvincing.
 
 
 11
 Second and third, because ALDC's requested relief relates to the Tribe's property interests in the lease, no relief can be shaped to lessen the prejudice. Moreover, an adequate remedy cannot be awarded in the Tribe's absence. See McClendon, 885 F.2d at 633 ("[B]ecause the relief sought by McClendon relates to the activities of the Tribe, any relief obtained in the Tribe's absence would be inadequate.").
 
 
 12
 Finally, the unavailability of an alternative forum weighs in favor of allowing this action to proceed in the absence of the Tribe. But the "lack of an alternative forum does not automatically prevent dismissal of a suit." Confederated Tribes of the Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1500 (9th Cir.1991) (internal quotations omitted). "Sovereign immunity may leave a party with no forum for its claims." Makah, 910 F.2d at 560. Because the balance of factors favors the Tribe, we conclude it is an indispensable party.
 
 
 13
 We have noted that when a necessary party is immune from suit, there may be "very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor." Confederated Tribes, 928 F.2d at 1499.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3