**WASHOE TRIBE OF NEVADA AND CALIFORNIA, Plaintiff,**

v.

**Donald E. BROOKS and Lynette L. Brooks, Trustees of the Brooks Family Trust; Dante Lommori; Elenor Lommori; Kenneth D. Lommori; Glenn E. Logan and Elenoranne E. Logan, Trustees of the Glen Edwin and Elonorann E. Logan Family Trust; the Bank of New York, Trustee under the Pooling and Servicing Agreement Series 1944–X; E. Lyle Lyder and Jayne A. Lyder, Trustees of the E. Lyle Lyder Family Trust, Administrator of the Small Business Administration, an agency of the government of the United States; and Does 1–X, Defendants.**

No. CV–N–98–0645–ECR(VPC).

United States District Court,
D. Nevada,
Reno, Nevada.

Nov. 21, 2001.

Michael Matuska, Brooke & Shaw, Ltd., Minden, NV, for Donald E. Brooks, Lynette Brooks, Jayne Lyder, and Lyle Lyder.

Phillip Stone, Campbell & Campbell, Reno, NV, for Elenoranne Logan and Glen Logan.

Marilyn Fine and Douglas Gerrard, Gerrard & Cox, Las Vegas, NV, for Dante Lommori, Elenor Lommori and Kenneth Lommori.

Shirley Smith, U.S. Attorney–Reno, Reno, NV, for U.S. Small Business Administration.

### *AMENDED ORDER*

EDWARD C. REED, Jr., District Judge.

The order of the court filed November 13, 2001 (# 202), is amended to read as follows:

### BACKGROUND

On July 12, 2000, the Washoe Tribe of Nevada and California (hereinafter "the Tribe") filed a motion to dismiss Brooks' counterclaims (# 123). Donald E. Brooks

and Lynette L. Brooks, Trustees of the Brooks Family Trust (hereinafter "Brooks Trust") opposed (# 124) on July 27, 2000. The Tribe replied (# 125) on August 7, 2000. Subsequent to the filing of the motion, the parties engaged in settlement negotiations. Based on the negotiations, we entered a minute order (# 132) declaring # 123, as well as other motions, moot. The settlement negotiations were ultimately unsuccessful, and the case proceeded. On September 28, 2001, we denied the Brooks Trust's motion for summary judgment, and on October 2, 2001, we issued the pretrial notice order.

On October 9, 2001, counsel for plaintiff sent a letter (# 197) indicating that he believed we had not yet ruled on # 123. We treat this letter as renewal of the motion (# 123). We consider the opposition previously filed (# 124) and the reply previously filed (# 125). We now rule on the motion to dismiss Brooks' counterclaims.

## DISCUSSION

The Tribe presents three arguments as to why the Brooks Trust's counterclaims should be dismissed: (1) the Tribe possesses sovereign immunity; (2) the United States was not joined and is a necessary and indispensable party under Fed. R.Civ.P. 19; and (3) the Brooks Trust cannot assert adverse possession against the United States and the Tribe.

### 1. Sovereign Immunity

■ Indian tribes have "common law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir.1991). This immunity cannot be waived by implication; a tribe must make a clear, unequivocal indication that it is waiving sovereign immunity. *Pan American Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 419–420 (9th Cir.1989).

■ However, a waiver does not have to include "magic words." *Val–U Constr. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573, 577 (8th Cir.1998) (stating that "while the Supreme Court has expressed its protectiveness of tribal sovereign immunity by requiring that any waiver be explicit, it has never required the invocation of 'magic words' stating that the tribe hereby waives its sovereign immunity"). In *Rupp v. Omaha Indian Tribe*, the Tribe's complaint specifically requested that the defendants "describe the lands in question to which they claim any right, title, interest or estate within the Omaha Indian Reservation..." 45 F.3d 1241, 1244 (8th Cir. 1995). The court held that this affirmative request waived the sovereign immunity of the Indian Tribe with respect to counterclaims over the land. *Id.* at 1245. This case is remarkably similar to *Rupp*. In its complaint the Tribe states that it wants "defendants and each of them and all persons claiming under them [to] be required to set forth the nature of their claims to the described real property," and that it wants "all adverse claims to such property [to] be determined by a decree of this Court." Cmplt p. 11. This complaint appears to be specifically asking for counterclaims so that a final decision may be rendered on the ownership of the land. We determine that this is an explicit waiver of sovereign immunity for counterclaims in this case. We therefore go on to analyze whether the counterclaims can proceed in the absence of the United States.

### 2. Joinder of the United States

■ A party should be joined under Fed.R.Civ.P. 19(a) when: (1) complete relief cannot be granted in absence of the party and (2) when the party has a legally protected interest in the outcome. *Pit*

*River Home and Agr. Co-op. Ass'n v. United States,* 30 F.3d 1088, 1099 (9th Cir.1994). In this case, the United States owns title to the land in question in trust for the tribe. Therefore, complete relief cannot be granted without the United States, because the legal title holder would not be bound by any determination of the Brooks Trust's counterclaim. *Puyallup Indian Tribe v. Port of Tacoma,* 717 F.2d 1251, 1254 (9th Cir.1983). Further, the United States has a legally protected interest in the outcome of this litigation as the title holder of the land. *Id.* We find that the United States is a necessary party under 19(a).

■ Our next step is to determine whether the United States is an indispensable party under Fed.R.Civ.P. 19(b). Normally that determination involves an analysis and weighing of four factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person, or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgement rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Fed.R.Civ.P. 19(b). However, when a necessary party is immune from suit there is little need for balancing the Fed.R.Civ.P. 19(b) factors because "immunity itself may be viewed as the compelling factor." *Confederated Tribes of the Chehalis Indian Reservation v. Lujan,* 928 F.2d 1496, 1499 (9th Cir.1991). Our first question then is whether the United States possesses sovereign immunity from this suit.

The United States may be sued to quiet title to land under the Quiet Title Act 28 U.S.C. § 2409a. However, the QTA does not waive the sovereign immunity of the United States when the United States claims an interest to the disputed lands as trust or otherwise restricted Indian lands. 28 U.S.C. § 2409a(a) (1978); *United States v. Mottaz,* 476 U.S. 834, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). Therefore, the United States would be immune from a quiet title suit over this land by the Brooks.

Because we find that the United States is immune from suit, we only briefly examine the Fed.R.Civ.P. 19(b) factors.

### A. Prejudice

A judgment in the absence of the United States would create some prejudice for the United States because it holds the lands in trust for the Tribe. Any judgment granted in favor of the Brooks Trust would be unenforceable against the United States, and could possibly require the United States to bring its own quiet title action to determine ownership. *Puyallup Indian Tribe,* 717 F.2d at 1254.

### B. Shaping of Relief to Lessen Prejudice

The relief requested by the Brooks Trust is a determination of the ownership of the land in question. There is no way that we could shape the relief in any way so as to lessen the prejudice to the United States.

### C. Adequacy of Judgment in Absence of United States

Without the presence of the United States any remedy provided to the Brooks Trust on its counterclaims would not be adequate, because it would not bind the party who possesses legal title to the lands in question.

### D. Adequacy of Brooks Trust's Remedies

The fact that the Brooks Trust will not be able to fully determine their status as land owners vis-a-vis the Tribe and the

United States weighs in favor of allowing the Brooks Trust to maintain the counterclaims in the absence of the United States.

Our review of the Fed.R.Civ.P. 19(b) factors indicates that the counterclaim should be dismissed. There is no way for us to fashion a remedy that would alleviate the prejudice that the United States would face if forced to litigate these counterclaims. Further, any judgment awarded to the Brooks would be inadequate because it would not bind the United States. The fact that there is no forum where the Brooks can obtain relief does weigh in favor of allowing the counterclaims to proceed without the United States, but "sovereign immunity may leave a party with no forum for its claims." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir.1990).

### CONCLUSION

We find that the United States has sovereign immunity to this counterclaim. In addition, we find that the Fed.R.Civ.P. 19 factors weigh in favor of dismissal of the counterclaims. We do not reach the question of whether the Brooks Trust can assert adverse possession over the land, because we find that the counterclaims will be dismissed for the reasons stated above.

*IT IS THEREFORE HEREBY ORDERED THAT*, the motion to dismiss the counterclaims (# 123) is *GRANTED*.