**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS MITCHELL, husband and wife; et al., <br><br>             Plaintiffs-Appellants, <br><br>   v. <br><br> TULALIP TRIBES OF WASHINGTON, <br><br>             Defendant-Appellee. | No.   17-35959 <br><br> D.C. No. 2:17-cv-01279-JCC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 12, 2018**
Seattle, Washington

Before:     BLACK,*** TALLMAN, and BEA, Circuit Judges.

Thomas Mitchell, his wife, and two other married couples are non-tribal

property owners in fee simple of residences within the historical boundaries of the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Tulalip Indian Reservation in Snohomish County, Washington. They appeal dismissal of their claims for declaratory and injunctive relief seeking to quiet title against the Tulalip Tribes of Washington ("the Tribes") regarding tribal ordinances that they allege create a cloud on their title. The district court dismissed the claims as unripe and did not address the Tribes' alternative grounds for dismissal including res judicata and tribal sovereign immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the dismissal on grounds of tribal sovereign immunity.

We review de novo a district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1160 (9th Cir. 2017); *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1151 (9th Cir. 2017). We review de novo issues of tribal sovereign immunity, *see Burlington N. & Santa Fe Ry. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007), and a district court's dismissal based on res judicata, *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We "can affirm the district court's dismissal on any ground supported by the record, even if the district court did not rely on the ground." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005).

When the district court dismissed on grounds of ripeness, it did not address Washington law that recognizes cloud on title as a hardship fit for judicial

2

determination.  *See, e.g., Robinson v. Khan*, 948 P.2d 1347, 1349 (Wash. Ct. App. (1998); Wash. Rev. Code § 7.28.010.

Nevertheless, we affirm because this case must be dismissed under the doctrine of tribal sovereign immunity, which protects Indian tribes from suit absent congressional abrogation or explicit waiver.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  Indian tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers."  *Id.*; *see also McClendon v. United States*, 885 F.2d 627, 629 (9th Cir. 1989) ("Because they are sovereign entities, Indian tribes are immune from unconsented suit in state or federal court.").  This common-law immunity from suit applies to actions for injunctive and declaratory relief.  *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991).  Congress must "unequivocally express" its intent to abrogate immunity.  *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2031 (2014) (internal quotation omitted).  "The tribe's immunity is not defeated by an allegation that it acted beyond its powers."  *Imperial Granite Co.*, 940 F.2d at 1271.  The claims here are not brought under any federal law that abrogates tribal immunity and the Tribes have not waived their immunity.  The Tribes, therefore, cannot be sued in federal court.

**AFFIRMED.**