**John R. CARLSON et al., Plaintiffs,**

**John R. Carlson and Eleanor C. Carlson, his wife, Plaintiffs-Appellants,**

v.

**The TULALIP TRIBES OF WASHINGTON, a Federal Corporation, Defendant-Appellee.**

**No. 73–2428.**

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1975.

Before CHOY and GOODWIN, Circuit Judges, and BURNS,* District Judge.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

John and Eleanor Carlson appeal the district court's dismissal of their suit to quiet title to certain waterfront lands.

The Tulalip Indian Reservation was created by the 1855 Treaty of Point Elliott. In 1888, the United States conveyed certain lots (herein called the "subject tract") within the Reservation to Mowich Sam, a Tulalip Indian. In 1961, the Carlsons, heirs of Mowich Sam, brought a partition suit regarding the subject tract in Washington State Courts. By virtue of the resulting decree, the Carlsons obtained fee simple title to the subject tract. The tract map includes a meander line which, at the time of the survey, more or less followed an estuarial shoreline.

In 1966, the Carlsons entered into a land sale contract to convey the subject tract to plaintiff Shorewood Park.

In 1969, the Tulalip Tribal Corporation made a claim of ownership to tidelands within the Reservation. Portions of these tidelands are contiguous with the subject tract, extending to the level of ordinary high water. Because of possible conflict between the record boundary of the subject tract and the actual ordinary high-water line, the Carlsons and Shorewood Park alleged that the tribal claim clouded the subject tract's title. As a practical matter, the claim precludes them from fulfilling their agreement, because they cannot get title insurance.

Pursuant to defendant Tulalip Tribes' motion for Fed.R.Civ.P. 19(a)[1] joinder,

Stimson Bullitt (argued), of Riddell, Williams, Voorhees, Ivie & Bullitt, Seattle, Wash., for plaintiffs-appellants.

Lewis A. Bell (argued), of Bell, Ingram, Johnson & Level, Everett, Wash., for defendant-appellee.

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

1. Fed.R.Civ.P. 19(a) provides:
   "(a) Persons to Be Joined if Feasible. A person who is subject to service of process

and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is

the district court ordered the Carlsons to attempt to obtain from the United States consent to be sued. After the United States declined to so consent, the Carlsons' complaint was dismissed. The dismissal was based upon Fed.R.Civ.P. 19(b),[2] and the Carlsons' failure to join the United States, an indispensable party to the suit under Rule 19(a) standards.

■ Though the Tulalip Tribe has been incorporated into the "Tulalip Tribes of Washington, a Federal Corporation" pursuant to 25 U.S.C. § 477, legal title to the unallotted Reservation lands remains in the United States. *See* Department of the Interior Solicitor Opinion No. 36181, February 21, 1956. The Carlsons admitted this fact at oral argument. Because the United States has fee title to unallotted Reservation lands, the dispute involves the fixing of a boundary between lands of the United States and the lands claimed by the plaintiffs. No decision made in an action in which the United States is not a party can bind the United States. The United States is therefore a necessary party to any resolution of this boundary dispute.

■ Further, the United States is a necessary party to any action in which the relief sought might interfere with its obligation to protect Indian lands against alienation. Jackson v. Sims, 201 F.2d 259, 262 (10th Cir. 1953); 7 Wright and Miller, Federal Practice and Procedure: Civil § 1617, at 176; 3A Moore's Federal Practice ¶ 19.09[8], at 2325. We conclude that the United States is a person described in Rule 19(a)(1), (2).

Because the United States has refused to be joined as a party, the litigation could not properly proceed. Fed.R.Civ.P. 19(b).

■ Although Congress has authorized the United States to be joined as a party defendant in certain property disputes without particularized consent, this authority specifically excludes Indian lands in which title is held by the United States. 28 U.S.C. § 2409a.

"* * * When an interest of the federal government is involved in a suit and a judgment cannot be rendered without affecting that interest, the government must be made a party to the action. If that is not feasible [as in this case], the United States may be regarded as an indispensable party under Rule 19(b) and the action dismissed * * *." 7 Wright and Miller, *supra* at 171. The district court correctly allowed defendant's Rule 19(b) motion for dismissal.

Affirmed.

so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

2. Fed.R.Civ.P. 19(b) provides:

"(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."