Calvert TURLEY; Delores Turley; Joseph Whann; Nancy Whann; Gregory Gates; Deborah Gates; Robert Thweatt, Plaintiffs—Appellants,

v.

Daniel EDDY, Jr., an individual in his official capacity of Chairman of the Tribal Council for the Colorado River Indian Tribes; Russell Welsh, an individual in his official capacity of Vice–Chairman of the Colorado River Indian Tribes; Sonia Stone, an individual in her official capacity as Council Member for the Colorado River Indian Tribes; Herman "TJ" Laffoon, an individual in his official capacity as Council Member for the Colorado River Indian Tribes; Sonia Chavez, an individual in her official capacity as Council Member of the Colorado Indian Tribes; Doreen Welsh, an individual in her official capacity as Council Member for the Colorado River Indian Tribes; Valerie Welsh–Tahbo, an individual in her official capacity as Council Member for the Colorado River Indian Tribes; Dennis Patch, an

individual in his official capacity as Council Member for the Colorado River Indian Tribes; Craig Chute, an individual, Defendants—Appellees.

No. 02–56782.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2003.*

Decided July 16, 2003.

Before: SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The plaintiffs sued individual officers of the Colorado River Indian Tribes ("CRIT") for evicting them from land known as the Western Boundary. Rule 19 requires that a case be dismissed if a necessary and indispensable party cannot be joined. CRIT is a necessary party because it claims an interest in the land and its interest would be impaired by the plaintiffs' suit. Fed.R.Civ.P. 19(a). CRIT cannot be joined because it has tribal sovereign immunity. CRIT is indispensable because a judgment rendered in its absence would be prejudicial to CRIT, there is no form of relief to lessen the prejudice, and the plaintiffs could not obtain an adequate remedy in its absence. Fed.R.Civ.P.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

19(b). The plaintiffs may have difficulty obtaining relief if the case is dismissed, but when tribal sovereign immunity is at stake, that factor has little weight. *See American Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1025 (9th Cir.2002).

Because Indian trusts lands are at stake, the United States is also a necessary and indispensable party. *See Imperial Granite Co. v. Pala Band of Mission Indians,* 940 F.2d 1269, 1272 n. 4 (9th Cir.1991); *Carlson v. Tulalip Tribes of Washington,* 510 F.2d 1337, 1339 (9th Cir. 1975).

The plaintiffs argue that CRIT's reservation does not include the Western Boundary lands, that CRIT has no legally protected interest in the lands, and that CRIT therefore is not a necessary and indispensable party. Along the same lines, the plaintiffs argue that the Western Boundary lands are not Indian trust lands, and that the United States is not a necessary and indispensable party. In this respect, the plaintiffs are simply asserting what they seek to prove in their suit. A plaintiff cannot avoid the requirements of Rule 19 merely be asserting that a party has no legally protected interest. Such circular arguments are unavailing. *See American Greyhound,* 305 F.3d at 1024; *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir.1992).

Of course, we would not find CRIT to be a necessary and indispensable party if it made only a "patently frivolous" claim of interest in the Western Boundary lands. *Shermoen,* 982 F.2d at 1318. But, at a minimum, it is clear that there is a legitimate dispute about the boundaries of CRIT's reservation, and that CRIT has a legitimate, non-frivolous claim of interest in the Western Boundary lands. *See Arizona v. California,* 460 U.S. 605, 629–31, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *Arizona v. California,* 530 U.S. 392, 418–19, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000).

Consequently, the district court properly dismissed the case.

AFFIRMED.