Ming Dow HO, Plaintiff,

v.

UNITED STATES of America, and Louis Garthe, Subpoenaed in his official capacity as an employee of the United States of America, Bureau of Immigration and Customs Enforcement, Defendant.

No. MISC.04–0597 ESH/JMF.

United States District Court, District of Columbia.

June 13, 2005.

Patricia Eggleston Pahl, Olsson, Frank & Weeda, P.C., Washington, DC, Willard C. Shih, Wilentz Goldman & Spitzer, Woodbridge, NJ, for Plaintiff.

William Rakestraw Cowden, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

HUVELLE, District Judge.

This case was referred to Magistrate Judge John M. Facciola for a determination of Ming Dow Ho's Motion to Compel Compliance With Subpoena for the testimony of Louis Garthe ("Garthe"), Senior Special Agent for the United States Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE"). On May 6, 2005, Judge Facciola issued an order denying Ho's Motion to Compel and granting Defendant's Motion to Quash. Before the Court is Ho's Motion of Objection to Magistrate Judge Facciola's May 6, 2005 Opinion and Order; the oppositions filed by ICE and Garthe and by Peter H. Chen, Shwu Min Chen, Officemate International Corporation ("Officemate"), and Peggie Chen; and Ho's reply brief.

On December 14, 2004, Ming Dow Ho ("Ho"), by his counsel, served subpoenas on ICE and Garthe, demanding documents and deposition testimony regarding their investigation of Officemate's purchase and sale of binder clips. When DHS refused to authorize the subpoenas, Ho abandoned his subpoena on ICE and proposed in the alternative to question Garthe for one-half hour regarding his investigation of wheth-

er Chen knew that the binder clips had been manufactured with prison labor. When DHS refused to permit Garthe to testify, Ho filed this action and his Motion to Compel Compliance With Subpoena.

Judge Facciola denied the motion because of Ho's failure to commence an action seeking judicial review pursuant to the Administrative Process Act ("APA"), 5 U.S.C. § 701 *et seq.* Ho objects to Judge Facciola's order, arguing that because ICE and Garthe do not enjoy sovereign immunity from third-party subpoenas, he properly moved to compel discovery and need not proceed under the APA. According to Ho, the controlling standard for review is whether the subpoena is unduly burdensome or expensive under Fed.R.Civ.P. 45(c), not whether the agency's refusal is arbitrary and capricious under the APA, 5 U.S.C. § 702.

Under Federal Rule of Civil Procedure 72(a), "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Local Rule 72.2(c) also provides that upon a motion for reconsideration, a judge may modify or set aside any portion of a magistrate judge's order "found to be clearly erroneous or contrary to law." LCvR 72.2(c).

The issue on appeal can be stated succinctly: is this case governed by *Houston Business Journal, Inc. v. Office of the Comptroller*, 86 F.3d 1208 (D.C.Cir.1996), as ruled by the magistrate judge, or is it controlled by *Linder v. Calero–Portocarre-*

*ro*, 251 F.3d 178 (D.C.Cir.2001), as argued by Ho? Having reviewed the relevant case law and the arguments of the parties, the Court is persuaded that *Houston Business Journal* has not been overruled *sub silentio* by *Linder* and that it therefore is dispositive here.

■ In *Houston Business Journal,* the Circuit clearly recognized that where an agency has enacted valid *Touhy* [1] regulations, a federal court litigant may not obtain a subpoena *ad testificandum* against an employee of a federal agency, but "the litigant must proceed under the APA and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." 86 F.3d at 1212 n. 4 (citing *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991); *Davis Enters. v. EPA*, 877 F.2d 1181, 1186 (3d Cir.1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)).[2]

■ The teaching of *Houston Business Journal* is clearly applicable here. DHS regulations prohibit employees from providing oral or written testimony relating to information acquired while such person is or was employed by DHS unless DHS authorizes such disclosure. 6 C.F.R. § 5.44. And in this case, Ho has sought to enforce a subpoena *ad testificandum* on an agency employee—ICE Special Agent Louis Garthe. (*See* Shih Decl. ¶ 10, Ex. E (Ho's counsel's December 28, 2004 letter to Matthew B. Riley, Associate Principal Legal Advisor, Office of Investigation at DHS, wherein he makes clear that he is

---

**1.** *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467–69, 71 S.Ct. 416, 95 L.Ed. 417 (1951) (recognizing the authority of agency heads to withdraw from subordinates the power to release government documents).

**2.** The Court in *Houston Business Journal* drew a distinction between testimony and the production of documents—"A federal-court

litigant, on the other hand, can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court." 86 F.3d at 1212.

abandoning the subpoena for documents on DHS and is only pursuing his subpoena to Garthe for testimony).)

Contrary to Ho's argument, *Linder* has not superseded *Houston Business Journal*. Rather, as recognized by Magistrate Judge Facciola, *Linder* involved subpoenas *duces tecum* served on various federal agencies and the only issue addressed by the Court was whether the agencies could claim sovereign immunity to avoid compliance with third-party subpoenas. 251 F.3d at 178. The Court found no jurisdictional barrier preventing a district court from ordering the federal government from complying with such subpoenas under FED. R. CIV. P. 45, *id.* at 180–81, but it did not address the issue of a subpoena *ad testificandum*. Significantly, there was no mention in *Linder* of the existence of *Touhy* regulations nor did the Court have to consider whether a litigant seeking testimony could proceed under Rule 45 or had to initiate an APA action.[3] On the contrary, *Linder's* ruling was limited to the question of whether the government could invoke sovereign immunity to resist subpoenas *duces tecum*.[4]

The vitality of *Houston Business Journal* is further evidenced by the district court rulings which have followed it in cases that post-date *Linder*. *See, e.g., Yousuf, supra; United States ex rel. R.C.*

**3.** Significantly, *Linder* cited with approval *Houston Business Journal* in its discussion of sovereign immunity, *id.* at 181, thereby undercutting any possible argument that it was rejecting that case.

**4.** In fact, the Court explicitly declined to decide whether the statutory question of "[w]hether Rule 45's use of the word 'person' should exempt the federal government" but noted that "we have never expressly so held and our assumption [that the federal government is included] may need to be reexamined in light of *Al Fayed.*" *Id.* at 181 (referring to *Al Fayed v. CIA*, 229 F.3d 272 (D.C.Cir.2000), which held that under 28 U.S.C. § 1782, "which is similar in effect to Rule 45" (*Linder*, 251 F.3d at 181), the word "person" does not include the federal government). Since *Linder*, this issue has been addressed by several

*Taylor, supra;* and *Bobreski v. EPA*, 284 F.Supp.2d 67, 73–74 (D.D.C.2003) (recognizing that where a federal agency has enacted *Touhy*) regulations, the litigant must seek review under the APA.[5]

For these reasons, the Court affirms the May 6, 2005 Order of Magistrate Judge Facciola denying Ho's Motion to Compel Compliance with Subpoena, overrules Ho's Objection to that ruling, and grants defendant's Motion to Quash.

SO ORDERED.

district courts, all of which have applied *Al Fayed* to exempt the federal government from Rule 45. *See, e.g., Yousuf v. Samantar*, Misc. No. 05–110 (D.D.C. May 3, 2005(RBW)); *United States ex rel. Taylor v. Gabelli*, Misc. No. 04–534 (D.D.C. May 2, 2005) (RJL); *Lerner v. District of Columbia*, Civil Action No. 00–1590 (D.D.C. January 5, 2005) (GK).

**5.** Given the Court's decision that Ho cannot move to compel compliance under Rule 45, it need not address the persuasive arguments raised by the Chens and Officemate International that the information that Ho seeks to obtain from Garthe (*i.e.*, whether he believes that Chen was aware that prison labor was being used to manufacture binder clips) would not be admissible or relevant evidence nor would it be "reasonably calculated to lead

to the discovery of admissible evidence," as required by Fed.R.Civ.P. 26(b)(1).