# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 27, 2006        Decided June 16, 2006

No. 05-5197

BASHE ABDI YOUSUF, ET AL.,
APPELLANTS

v.

MOHAMED ALI SAMANTAR AND
DEPARTMENT OF STATE,
APPELLEES

---

Appeals from the United States District Court
for the District of Columbia
(No. 05mc00110)

---

*Robert R. Vieth* argued the cause for appellants. With him on the briefs were *Tara M. Lee*, *Lori R. Ploeger*, and *Michael Traynor*.

*H. Thomas Byron, III*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney, and *Douglas N. Letter*, Attorney.

*John S. Mills* was on the brief for *amici curiae* The Educational Fund To Stop Gun Violence and National Security Archive in support of appellants. *Meredith Fuchs*, *Kate A. Martin*, and *Sayre Weaver* entered appearances.

Before: GINSBURG, *Chief Judge*, and ROGERS and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: The drafters of the Federal Rules of Civil Procedure believed Rule 45 was "so simple that it did not need any discussion" at the symposia they held to introduce the Rules in 1938. American Bar Association, *Federal Rules of Civil Procedure, Proceedings of the [American Bar Association] Institute [on Federal Rules] at Washington, D.C. and of the Symposium at New York City* 313 (Edward H. Hammond ed.) (1939). The dispute before us today, in which plaintiff Bashe Abdi Yousuf and others challenge the district court's denial of their motion to compel compliance with a subpoena served upon the U.S. Department of State under Rule 45, suggests the framers underestimated the creativity of the United States when faced with a subpoena *duces tecum* issued in a case to which it is not a party. That creativity notwithstanding, we hold the United States is a "person" within the meaning of Rule 45 -- as it has been held to be under every Rule thus far litigated. Hence, we reverse the judgment of the district court and remand the case for further proceedings.

## I. Background

This appeal arises from litigation pending in the United States District Court for the Eastern District of Virginia, where the plaintiffs, who are Somali nationals, brought suit under the Torture Victim Protection Act, 28 U.S.C. § 1350 note, and the Alien Tort Statute, *id.* § 1350, against Mohamed Ali Samantar for acts he allegedly took as an official in the Somali government led by President Mohamed Siad Barre. During discovery the plaintiffs sought from the U.S. Department of State a variety of documents related to (1) human rights abuses

committed by the Somali armed forces; (2) the interaction between the United States and representatives of the Siad Barre regime; and (3) "the formal structure and organization of the Somali government and political system and Armed Forces." To this end the plaintiffs both served the State Department with a subpoena pursuant to Rule 45 and submitted a request pursuant to the Department's so-called *Touhy* regulations, 22 C.F.R. §§ 172.1-5 (setting forth agency procedures for responding to document requests). *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 468-70 (1951) (upholding regulation prohibiting agency employees from releasing documents without consent of agency head).

The United States, on the Department's behalf, objected to the subpoena, whereupon the plaintiffs filed in the District Court for the District of Columbia a motion to compel compliance. *See* Fed. R. Civ. P. 45(c)(2)(B). The Government opposed the motion on the grounds it was not a "person" subject to subpoena under Rule 45; the plaintiffs had not followed proper procedures in subpoenaing the Department; and the subpoena was unduly burdensome. The plaintiffs then argued the Government had forfeited its objections to the subpoena because it had not raised them within the time limit set by Rule 45(c)(2)(B) and, in any event, maintained the subpoena was in all respects proper.

The district court denied the plaintiffs' motion to compel. It began by recognizing a "longstanding interpretive presumption," *Al Fayed v. CIA*, 229 F.3d 272, 274 (D.C. Cir. 2000), that, as used in a statute, the term "person" does not include the United States. Holding the presumption unrebutted in this case, the court did not reach the Government's other objections to the subpoena. The plaintiffs now appeal.

4

## II. Analysis

The plaintiffs argue the district court erred in denying their motion because (1) the Government forfeited its objections when it failed to raise them in a timely manner and (2) the Government is a "person" for purposes of Rule 45. With regard to the latter point, the plaintiffs contend the district court should not have applied the interpretive presumption to Rule 45 and, even if the presumption is applicable, it has been overcome. The Government in turn denies it forfeited its objections and defends the decision of the district court.

We review the district court's discovery orders for abuse of discretion, *Linder v. Calero-Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001), except as to questions of law -- such as the proper interpretation of Rule 45 -- which we decide *de novo*. *Eldred v. Reno*, 239 F.3d 372, 374 (D.C. Cir. 2001). We must begin our analysis, however, with the matter of our jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

## A. Jurisdiction

At oral argument the Government asserted that, because the State Department had not finished reviewing the plaintiffs' document request pursuant to its *Touhy* regulations before the plaintiffs filed their motion to compel compliance with the subpoena, the Department had not as of then taken any final action subject to judicial review. Despite the Government's tardiness in presenting this objection, we must consider it because, under the Administrative Procedure Act, 5 U.S.C. § 704, without final agency action we do not have jurisdiction to proceed.

The objection need not long detain us, however. An

agency's denial of a request is final agency action for the purpose of § 704. *See, e.g.*, *Envtl. Def. Fund v. Reilly*, 909 F.2d 1497, 1504 n.97 (D.C. Cir. 1990) (holding agency's denial of petition for rulemaking final per § 704). Indeed, the Fourth Circuit has held specifically that an agency's refusal to comply with a subpoena constitutes "final agency action ... ripe for ... review under the APA." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275 (1999). We agree. The requirement that an agency's action be "final" prevents improper judicial intrusion into the administrative decisionmaking process. *Ciba-Geigy Corp. v. EPA*, 801 F.2d 430, 436 (D.C. Cir. 1986). With regard to the subpoena here at issue, that process was completed on January 14, 2005, when the counsel for the Department of State sent a letter taking the position that, because the Government is not a "person" subject to Rule 45, subpoenas "are not proper procedural devices through which to seek information from a federal agency." It follows that such action is final and reviewable under the APA, regardless whether the Department of State was then still processing the plaintiffs' parallel request under its *Touhy* regulations.

B. Forfeiture

The plaintiffs argue that the Government forfeited its objections to the subpoena, which was served on December 22, 2004, because it did not raise those objections until January 14, 2005, which was beyond the time limit in Rule 45(c)(2)(B): "[A] person commanded to produce and permit inspection and copying [of documents] may, within 14 days after service of the subpoena ... [serve a] written objection to [the] inspection or copying." *See also Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996) (discussing requirement).

The Government first contends it is not bound by Rule 45(c) because it is not a "person" for purposes of the Rule.

Furthermore, the Government asserts the time limit applies only to objections related "to the substance of the subpoena [and] ... not to its ultimate enforcement." Finally, the Government argues forfeiture under Rule 45 is "not automatic" and can be excused in the "unusual circumstances" of this case, where the "subpoena was overbroad, the State Department is a nonparty acting in good faith, and counsel for the government discussed the processing of the document requests [with plaintiffs' counsel] before this subpoena-enforcement litigation was initiated." As the Government further notes by way of mitigation, the plaintiffs "served the subpoena on December 22, 2004, in the midst of the holiday period, and it was not received by the Department of Justice [as counsel to the Department of State] until January 13, 2005. An objection letter was sent the very next day," after counsel had conversed by telephone.

We begin with the Government's argument that the time limit set by Rule 45(c)(2)(B) applies only to objections concerning "the substance of the subpoena," by which it means objections such as "privilege or relevance or burden" that go to the "inspection or copying ... of designated materials"; from these it distinguishes objections going to the "ultimate enforcement" of the subpoena, the only example given being the current objection that the Government is not subject to a nonparty subpoena. The Government defends its distinction on the ground that objections going to enforcement cannot "be resolved or fleshed out before a dispute reaches the district court." The significance of this statement eludes us, and the Government adduces not a single case in support of it. Such dictum as we can find is against it. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (stating, relative to a belated claim of privilege, the Rule "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game'").

We need not accept the Government's distinction, however, in order to consider its present objection. For the Government is correct that the district court may, "in unusual circumstances and for good cause," consider an untimely objection to a subpoena. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *see* 9 James W. Moore et al., *Moore's Federal Practice* § 45.04[2] (3d ed. 2004). Certain factors may guide the district court's discretion, for example, whether (1) the subpoena is "overbroad on its face and exceeds the bounds of fair discovery"; (2) the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the witness was in contact with counsel for the party issuing the subpoena prior to filing its formal objection. *Concord Boat*, 169 F.R.D. at 48 (internal quotation marks omitted); *see* 9 Moore et al. § 45.04[2]; *Alexander v. FBI*, 186 F.R.D. 21, 34-36 (D.D.C. 1998) (no waiver where witness was non-party and subpoena was not limited to relevant materials).

Here, the Government is a nonparty acting in good faith; the subpoena is broad enough at least to raise a question of overbreadth; and counsel for the Department acted promptly to contact counsel for the plaintiffs and to file his objections (though the State Department appears not to have acted with equal alacrity). Therefore, we cannot say the district court here abused its discretion in considering the Government's objections. And so we are obliged to do the same.

C. The Applicability of the Interpretive Presumption

Rule 45(a)(1)(C) provides that every subpoena shall:

[C]ommand each *person* to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody

or control of that *person* ....

Fed. R. Civ. P. 45(a)(1)(C) (emphases added). The Government argues it is not a "person" subject to this Rule, noting that "statutes employing the [word 'person'] are ordinarily construed to exclude" the sovereign. *United States v. Cooper Corp.*, 312 U.S. 600, 604 (1941). The Government analogizes this case to *Al Fayed*, 229 F.3d 272, where we applied the presumption that the Government is not a "person" and the Dictionary Act, 1 U.S.C. § 1, in construing 28 U.S.C. § 1782, which provides the "district court of the district in which a person resides or is found may order him ... to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *See Linder*, 251 F.3d at 180-81 (discussing *Al Fayed* and recognizing open question of applicability of Rule 45 to Government).

The plaintiffs argue the Dictionary Act and the interpretive presumption that the Government is not a "person" are inapplicable to Rule 45 because the Federal Rules "resulted from a judicial act, not legislation." Even if the presumption does apply, they note the presumption can be overcome if "[t]he purpose, the subject matter, the context, [and] the legislative history ... indicate an intent, by the use of the term, to bring [the] state or nation within the scope of the law." *Cooper Corp.*, 312 U.S. at 605. Here, they contend, the purpose, context, and history of Rule 45 bespeak an intent to treat the Government as a "person."

At the outset, we note that we have found no caselaw applying the Dictionary Act to the Federal Rules, and it is doubtful, though surely not clear, whether the Rules are properly considered an "Act of Congress" subject to that Act, 1 U.S.C. § 1. In the Rules Enabling Act, 28 U.S.C. § 723(b) (1934), the Congress gave "the Supreme Court of the United States ... the

power to prescribe, by general rules," the "process" to be followed in the district courts of the United States. The Congress additionally provided that the rules governing civil procedure would not go into effect "until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session." *Id.* § 723(c). Therefore, although the Congress did not draft and did not affirmatively adopt the Federal Rules of Civil Procedure, *see* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1004 (3d ed. 2002), it did authorize their creation, and consequently it is not entirely clear the definitions of the Dictionary Act should not apply to the Rules.

This is not a question we need decide today, however. Because the definition of "person" in the Dictionary Act, 1 U.S.C. § 1 (defining "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals"), upon which the Government relies was passed in 1947, the framers of Rule 45 were not guided by it when, in 1937, they provided that a "person" may be subpoenaed to testify or to produce documents. Fed. R. Civ. P. 45(a)(1)(C). The definition in place at the time the Rules were adopted was broader, stating that "in all acts hereafter passed ... the word 'person' may extend and be applied to bodies politic and corporate ... unless the context shows that such words were intended to be used in a more limited sense." Act of Feb. 25, 1871, § 2, 16 Stat. 431. As the Supreme Court explained in *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 n.9 (1989), conflicting authorities from that time render the definition "ambiguous" with regard to whether it includes the States within its reach. *Cf. Cooper Corp.*, 312 U.S. at 605 (looking at various factors to discern intent "to bring state or nation within the scope of the law"). Regardless whether the plaintiffs are correct in positing broadly that the current

definition of "person" in the Dictionary Act does not apply to judicially-adopted rules, therefore, we can agree more narrowly that it does not apply to a Rule promulgated before the current version of the Act was passed, *see Will*, 491 U.S. at 69-70 (applying original definition to interpret statute passed before 1947), and it does not control our analysis in this case.

Next, we agree with the plaintiffs that the district court erred in presuming the Government is not a "person" covered by Rule 45. As the Supreme Court made clear in *Nardone v. United States*, 302 U.S. 379 (1937) (rejecting Government's invocation of presumption where it would have made statute prohibiting wire-tapping presumptively inapplicable to Government), which was issued the same day the Court adopted the Federal Rules, at common law the Government was presumed not to be a "person" bound by statute in only two types of cases: (1) where the statute, "if not so limited, would deprive the sovereign of a recognized or established prerogative title or interest," such as a statute of limitations; and (2) where deeming the Government a "person" would "work obvious absurdity as, for example, the application of a speed law to a policeman pursuing a criminal or the driver of a fire engine responding to an alarm." *Id.* at 383-84; *see also In re Vioxx Prods. Liab. Litig.*, --- F.R.D. ----, 2006 WL 784878, at *6 (E.D. La. Mar. 15, 2006) (analyzing Supreme Court cases to explain why presumption was limited to the two situations there identified).

Rule 45 falls into neither class. First, the Government has no "established prerogative" not to respond when subpoenaed. On the contrary, as Justice Frankfurter noted in his concurrence in *Touhy,* the Government had agreed as early as 1900, *see Boske v. Comingore*, 177 U.S. 459, 462, that records requested for a suit in which it was not a party "could be secured by a subpoena duces tecum to the head of the Treasury Department."

340 U.S. at 471-72 (quoting Brief for Appellee [in *Boske v. Comingore*] at 49). Second, application of Rule 45 to the Government would work no "obvious absurdity." The Rules were designed to provide a "liberal opportunity for discovery," *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and, as discussed below, there is no indication the Government should be exempt from the obligation of a nonparty to provide its evidence pursuant to subpoena.

Because Rule 45 neither deprives the United States of an "established prerogative" nor works an "obvious absurdity," therefore, the framers of the Rules would not have understood their use of the term "person" presumptively to exclude the Government. Our decision in *Al Fayed*, the centerpiece of the Government's argument, is in no wise contrary. The statute being interpreted in that case, 28 U.S.C. § 1782 (1948), unlike Rule 45, post-dated the amendment to the Dictionary Act, 1 U.S.C. § 1 (1947), that defines the word "person," when used in "any Act of Congress, unless the context indicates otherwise," to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals," but makes no mention of governments. *See also United States v. United Mine Workers of Am.*, 330 U.S. 258, 275 (1947) ("Congress made express provision [in the Dictionary Act], for the term ['person'] to extend to partnerships and corporations .... The absence of any comparable provision extending the term to sovereign governments implies that Congress did not desire the term to extend to them"). In *Al Fayed*, therefore, the Dictionary Act as amended in 1947 required that § 1782 be interpreted so as to exclude the Government. As we have seen, however, Rule 45 is outside the realm governed by the 1947 amendment to the Dictionary Act, and, as noted above, the earlier version of that Act is ambiguous. Therefore, we follow the guidance of the Supreme Court as to when the Government is presumed not to be a "person," and this

is not such a case.

D.  The "Person[s]" Subject to Rule 45

The question remains whether, the presumption aside, the Government is a "person" bound by Rule 45.  To answer this question we turn to the customary tools of statutory interpretation.  Because the text of the Rule itself is unhelpful on this score, we turn to the context in which the Rule resides, that is, to the Rules as a whole.

The plaintiffs argue that because "person" is used throughout the Rules to include the Government, that word demands the same interpretation in Rule 45.  In particular, they point to Rule 4(i)(3)(A), which addresses a party's failure to serve "all persons required to be served in an action governed by Rule 4(i)(2)(A)," which in turn governs "[s]ervice on an agency or corporation of the United States."  The plaintiffs also direct us to Rule 30, which allows a party to take "the testimony of any person, including a party, by deposition" and compel "[t]he attendance of witnesses ... by subpoena as provided in Rule 45." Fed. R. Civ. P. 30(a)(1).  Rule 30(b)(6) is express that a party may "in a subpoena name as the deponent a ... governmental agency."  One district court, reading these two sections together, recently concluded that "a party may take the deposition of a governmental agency, whether a party or not, and compel the attendance of [the government deponent] through the use of a Rule 45 subpoena." *In re Vioxx*, 2006 WL 784878, at *9.  In the plaintiffs' view, Rule 30 thus makes clear the Government is a "person" for purposes of Rule 45 as well.

The Government responds to these specific points first with the general observation:  "[I]t is ... common experience that identical words may be used in the same statute, or even in the same section of a statute, with quite different meanings." *Grand*

*Lodge of Int'l Ass'n of Machinists v. King*, 335 F.2d 340, 344 (9th Cir. 1964). Somewhat more helpfully, the Government suggests that, because "the rules as a whole address a wide range of subjects, ... it would be unsurprising if the term 'person' were employed to different ends in different rules." For example, the Government suggests we might construe Rule 30 to permit a litigant to subpoena the Government when the Government is itself a party to the litigation. Moreover, based upon the Supreme Court's instruction in *Russello v. United States*, 464 U.S. 16, 23 (1983) (where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"), the Government argues the ambiguity of Rule 45, when contrasted with the specific references to the United States in Rules 4 and 30, is fatal to the plaintiffs' claim.

We do not disagree in principle with the Government's point that the meaning of the word "person" could vary from one Rule to another. Still, we note, it is the "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995) (internal quotation marks omitted).

With respect to the Federal Rules in particular, the Supreme Court has instructed that, except where doing so would "produce absurd results," "words and phrases ... *must* be given a consistent usage and be read *in pari materia*[;] ... to do otherwise would attribute a schizophrenic intent to the drafters." *Marek v. Chesny*, 473 U.S. 1, 21 (1985) (first emphasis added, internal quotation marks omitted). As we have seen, there is nothing absurd about applying Rule 45 to the Government. That reading, moreover, aligns the interpretation of Rule 45 with that of every other rule in which the word "person" means more than

simply a natural person. (For an example of the latter sort, see Rule 4(c)(2), providing that service may be effected by any "person" meeting certain qualifications.) In addition to Rules 4(i)(3)(A) and 30(b)(6), *see Carlson v. Tulalip Tribes of Wash.*, 510 F.2d 1337, 1339 (9th Cir. 1975) (holding "United States is a person described in Rule 19(a)(1), (2)," which governs joinder); *see also United States v. Yellow Cab Co.*, 340 U.S. 543, 556-57 (1951) (United States may be impleaded as third-party defendant per Rule 14, which provides for "summons and complaint to be served upon a person"); *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 232-33 (D.C. Cir. 2003) (United States may intervene as of right under Rule 24, which requires "a person desiring to intervene [to] serve a motion," *see* Fed. R. Civ. P. 24(c)).

With the teaching of *Marek v. Chesny* in mind, we are most loathe to depart from this "consistent usage" without a compelling reason to believe the term "person" in Rule 45 should be understood differently than it is elsewhere throughout the Rules or differently from one case to another depending upon whether the United States is a party, *see In re Vioxx*, 2006 WL 784878, at *9. The Government attempts to offer such a reason but its efforts fail to persuade.

First, that Rule 45 does not refer to the United States as do Rules 4 and 30 is, contrary to the Government's argument, of no moment; as noted above, the United States has been held to be a "person" within the meaning of Rule 19 although it is not expressly named there. *See Carlson*, 510 F.2d at 1339. The absence of such a reference in Rule 45, far from being significant, is unexceptional.

Second, the Government points both to the Supreme Court's approval of regulations governing how an agency will respond to document requests, *see Touhy*, 340 U.S. 462, and to the

Freedom of Information Act, 5 U.S.C. § 552(a) (providing procedure for obtaining information from government agencies), to show that the Government has in place "carefully calibrated mechanisms for responding to requests for information." From this premise the Government argues that "silence in Rule 45 should not be construed to establish a mechanism bypassing existing methods of requesting ... information from the government as a nonparty." Noting also that *Touhy* was decided in 1951, 340 U.S. 462, and the FOIA was enacted in 1966, the Government suggests that "when Rule 45 was initially adopted in 1937, there was not even a background presumption that government information should be disclosed when requested," from which it infers Rule 45 must not apply to the Government as a nonparty.

This argument is both illogical and anachronistic. First, as noted above, the Rules were designed in 1937 to provide a "liberal opportunity for discovery." *Conley*, 355 U.S. at 47. Therefore, to say there was then no "background presumption that government information should be disclosed when requested" assumes the conclusion to the very question here at issue. Second, the adoption, 14 and 29 years later, respectively, of methods by which (1) an agency would respond to a subpoena and (2) any person could obtain information from the Government without having to give a reason for wanting it, tells us nothing about whether parties in civil litigation had been authorized in 1937 to subpoena the Government for information demonstrably relevant to their cases. We do know, however, that the Supreme Court in *Touhy* assumed a federal agency could be subject to a third-party subpoena *duces tecum*, for otherwise the agency would not need to promulgate regulations for centralizing its response to such a subpoena. *See* 340 U.S. at 464, 469.

Moreover, before *Touhy* was decided, and long before the

FOIA was enacted, such commentaries on the Rules as considered the present issue suggested the Government is indeed a "person" subject to Rule 45 regardless whether it is a party to the litigation in which the subpoena is issued. Indeed, one member of the Advisory Committee on Rules of Civil Procedure, which drafted the Rules, concluded in his discussion of "persons subject to deposition examination" -- which is to say, according to the original version of Rule 26(a), "any person, whether a party or not" -- that "there is probably the same right to obtain discovery against the government and its officers and agents as against private parties." Edson R. Sunderland, *Discovery Before Trial Under the New Federal Rules*, 15 Tenn. L. Rev. 737, 742-43 (1939). Raoul Berger and Abe Krash later reached the same conclusion: "[T]he terms of the third party subpoena-deposition provisions are unqualified, and no considerations of policy can afford an exemption to the Government." *Government Immunity From Discovery*, 59 Yale L.J. 1451, 1465-66 (1950). The Government cites no commentary to the contrary.

In sum, the "purpose, the subject matter, the context, [and] the ... history [of Rule 45] ... indicate an intent, by the use of the term ['person'], to bring [the Government] within the scope" of the Rule. *Cooper Corp.*, 312 U.S. at 605.

## III. Conclusion

The term "person" as used in the Federal Rules of Civil Procedure consistently means not only natural persons and business associations but also governments, including the United States. Because the Government has given us no cause to ignore the Supreme Court's command that we interpret each Rule *in pari materia* with the others, we hold the Government is a "person" subject to subpoena under Rule 45 regardless whether it is a party to the underlying litigation. Therefore, the

plaintiffs' motion to compel should not have been denied on the ground that Rule 45 is inapplicable to the Department of State. The case accordingly is remanded for further proceedings consistent with this opinion.

*So ordered.*