**Maureen SANTINI, Plaintiff,**

v.

**Anthony HERMAN, et al., Defendants.**

**Civil Action No. 06–MS–179 (RMC).**

United States District Court,
District of Columbia.

Oct. 17, 2006.

---

Maureen Santini, pro se.

## ORDER

COLLYER, District Judge.

Maureen Santini sued Anthony Herman and Daniel G. Grove in the Superior Court of the District of Columbia concerning their legal representation in connection with a criminal prosecution of Ms. Santini in Case No. F–7642–00 in Superior Court. On or about April 17, 2006, acting *pro se*, Ms. Santini sent a subpoena to the "US Atty's Office Superior Court Divis" to produce and permit inspection and copying of certain documents concerning the criminal prosecution.[1] The United States Attorney for the District of Columbia removed to this Court on April 26, 2006,[2] and requests that the Court quash the subpoena.

Neither the Superior Court nor this Court has jurisdiction to enforce a Superior Court subpoena when the party seeking enforcement has failed to comply with an agency's *Touhy* regulations. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) (agency heads may withdraw from agency employees the power to release govern-

ment documents). In state court, sovereign immunity shields the federal government, thereby preventing the state court from enforcing a subpoena. *Houston Business Journal v. OCC*, 86 F.3d 1208, 1211 (D.C.Cir.1996). Further, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Id.* at 1212. Moreover, a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations. *Id.* (citing *Touhy*, 340 U.S. at 467–69, 71 S.Ct. 416). When an agency has enacted *Touhy* regulations, the litigant must proceed under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard. *Houston Business Journal*, 86 F.3d at 1212 n. 4; *accord Ho v. United States*, 374 F.Supp.2d 82, 83 (D.D.C.2005), *appeal dismissed*, No. 05–5319, 2006 WL 1675318 (D.C.Cir.2006). Whether a plaintiff seeks testimony or the production of documents from an agency, she must comply with the agency's *Touhy* regulations. *Yousuf v. Samantar*, No. 05–ms–110, 2005 WL 1523385, *5 n. 9 (D.D.C. May 3, 2005), *rev'd and remanded on other grounds*, 451 F.3d 248 (D.C.Cir.2006).

The Department of Justice, of which the U.S. Attorney's Office is a constituent part, has published *Touhy* regulations at 28 C.F.R. §§ 16. 21 *et seq.* Thus, Ms. Santini must proceed under the APA and the court will review any agency decision not to permit employee testimony un-

---

1. In later pleadings, Ms. Santini also indicated that she seeks a deposition. See Pl.'s Mot. to Compel [Dkt. # 3] at 6.

2. The U.S. Attorney removed this case pursuant to *Brown & Williamson Tobacco Corp. v.*

*Williams*, 62 F.3d 408, 412–415 (D.C.Cir. 1995) (removal jurisdiction exists under 28 U.S.C. sections 1442(a) where a federal official declines to comply with a subpoena).

der the arbitrary and capricious standard. Further, Ms. Santini may seek government documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

 Instructed by the motion to quash her subpoena, Ms. Santini attempts to cure any defects in her pleadings by filing a Motion to Compel Production of Documents, in asserted reliance on the APA, and a Response to Motion to Quash Subpoena framed as an appeal of the denial of her request for the same documents under FOIA and the Privacy Act, 5 U.S.C. § 552(a). The Court is unable to oblige. This matter was not initiated by a complaint which could be amended to advance new or different causes of action. Like other federal litigation, review of a FOIA case requires in the first instance that a complaint be filed. 5 U.S.C. § 552(a)(4)(B). Ms. Santini has not filed a complaint under either FOIA, the Privacy Act, or the APA, and she cannot bootstrap such a lawsuit into this proceeding.

 Although Ms. Santini is representing herself and is entitled to some leeway as a *pro se* litigant, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), she must nonetheless comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987) (even *pro se* litigants must comply with the Federal Rules of Civil Procedure); *see* Fed.R.Civ.P. 8(a) (complaint must set forth short and plain statement of jurisdiction, grounds for relief, and demand for judgment). Should she wish to litigate her rights to the documents and/or testimony she mentions, she must follow the procedures of the DOJ's *Touhy* regulations and the FOIA and file a proper complaint.

This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government. It is also without jurisdiction to consider Ms. Santini's alle-

gations under FOIA or the APA. Ms. Santini must file a complaint after exhaustion of her administrative remedies if she wishes to pursue those allegations.

Accordingly, it is hereby **ORDERED** that the U.S. Attorney's motion to quash [Dkt. # 2] is **GRANTED;** and it is

**FURTHER ORDERED** that Ms. Santini's motion to compel production of documents [Dkt. # 3] is **DENIED.** This case is closed.

**SO ORDERED.**