**Wesley BARBER, Plaintiff—Appellant,**

v.

**Cliff SIMPSON and Unadell Turner, Defendants—Appellees.**

No. 06–16880.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2008.

Filed July 11, 2008.

Eric Grant, Attorney at Law, Andrea M. Miller, Nagley Meredith & Miller, Inc., Sacramento, CA, for Plaintiff–Appellant.

Dennis G. Chappabitty, for Defendant–Appellee.

Before: SCHROEDER, WALKER,* and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

■ Wesley Barber appeals a judgment of the district court denying declaratory and injunctive relief from an eviction order entered in the Washoe Tribal Court, evicting him from a plot of land within Washoe Indian Country. Both Barber and appellees Simpson and Turner, the plaintiffs in the tribal court eviction action, are members of the Washoe Tribe. Barber argues that the tribal court lacked jurisdiction to order his eviction because 1) the United States was an indispensable but unjoined party in the action against him, and 2) 28 U.S.C. § 1346(f) gives the federal district courts exclusive original jurisdiction over quiet title actions involving property in which the United States has an interest.

The district court properly found that it had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 853, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985) ("[A] federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction.").

When reviewing a tribal court decision regarding tribal jurisdiction, this court reviews the tribal court's finding of facts for clear error and reviews questions of law de novo. *FMC v. Shoshone–Bannock Tribes,* 905 F.2d 1311, 1313–14 (9th Cir.1990).

Barber first argues that because the "United States is an indispensable party to any suit brought to establish an interest in Indian trust land," *Imperial Granite Co. v.* *Pala Band of Mission Indians,* 940 F.2d 1269, 1272 n. 4 (9th Cir.1991), the tribal court erred in allowing the eviction action against Barber to proceed without joinder of the United States.

Barber's reliance on *Imperial Granite* is misplaced for two reasons. First, that case actually held that the Pala Band, as an Indian tribe, had sovereign immunity from suit by Imperial Granite, a non-Indian corporation which leased land surrounded by the Pala Band's reservation. *See id.* at 1271 ("Because we agree that the defendants are immune from suit, we affirm the judgment."). As a result, its broad pronouncement about the indispensability of the United States is dicta. *See id.* ("Our decision makes it unnecessary for us to address, other than peripherally, the question of subject matter jurisdiction.")

Second, the *Imperial Granite* court based its indispensability dicta on *Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939) and *Carlson v. Tulalip Tribes of Washington,* 510 F.2d 1337 (9th Cir.1975). *See Imperial Granite,* 940 F.2d at 1272 n. 4 (citing these cases). Prior to *Imperial Granite,* however, this court held that the United States was not an indispensable party to a suit by the Puyallup Tribe claiming "beneficial title to ... twelve acres of exposed former riverbed" occupied by the Port of Tacoma. *Puyallup Indian Tribe v. Port of Tacoma,* 717 F.2d 1251, 1254 (9th Cir.1983). In so holding, we distinguished *Minnesota* and *Carlson* as involving "litigation [ ] instituted by non-Indians for the purpose of effecting the alienation of tribal or restricted

---

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lands, not by individual Indians or a tribe seeking to protect Indian land from alienation." *Id.* at 1255 n. 1. Thus, to the extent that *Minnesota* and *Carlson* establish a "per se" indispensability rule in certain circumstances, this circuit limits that rule's application to cases instituted by non-Indians for the purpose of effecting the alienation of tribal lands. Accordingly, it is inapplicable to this dispute between tribal members over the right to occupy Indian land.

Barber also argues that proceeding without the United States "subject[s him] to a substantial risk of incurring ... inconsistent obligations." Fed.R.Civ.P. 19(a)(1)(B)(ii). Putting aside Barber's failure to establish that the tribal court is bound by Rule 19 of the Federal Rules of Civil Procedure (or an analogous rule of indispensability), his argument fails on its own terms. Under Rule 19, the risk of inconsistent obligations is only relevant to determining whether the United States is a "Required Party." Fed.R.Civ.P. 19(a)(1). A court must still decide whether, in equity and good conscience, the action should proceed among the remaining parties. Fed.R.Civ.P. 19(b). If not, the absent party is deemed legally indispensable, and the action is dismissed.

The tribal court did not err in deciding that it would be equitable for the eviction action to proceed without the United States. Barber is wrong to argue that a victory over Simpson and Turner would be worthless to him because it would not bind the United States. Had he prevailed on the merits in tribal court, Barber would have halted Simpson and Turner's efforts to evict him. Establishing that one's right of possession is superior to the competing right of an opponent is not valueless simply because a third party (such as the United States) may have a still-superior right.

Barber's second contention is that the eviction action should be construed as a quiet title action. So construed, the tribal court had no jurisdiction to hear the action, he contends, because 28 U.S.C. § 1346(f) provides that "[t]he district courts shall have *exclusive* original jurisdiction of civil actions under [28 U.S.C. § ] 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

■ Even if we accept, for the sake of argument, the doubtful premise that this eviction suit is in fact a quiet title action, Barber fails to establish that the tribal court exceeded its jurisdiction. Section 1346(f) does not give district courts exclusive jurisdiction over *all* actions to quiet title to property in which the United States has an interest; it only applies to actions "under [28 U.S.C. § ] 2409a." Accordingly, Barber's argument that 28 U.S.C. § 1346(f) gives federal courts exclusive jurisdiction over this action because it involves property in which the United States has an interest ignores a significant portion of the statutory language, and therefore fails.

**AFFIRMED.**